BEEKWILL REALTY CORPORATION, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

(Argued October 6, 1930; decided November 18, 1930.)

*Morris J. Bricker* and *Leonard Levinsohn* for appellant. On October 1, 1926, the property was held by the defendant for a public use and a tax imposed for the year 1927 is, therefore, void. (Tax Law, § 2, subd. 6; *Mott* v. *Palmer*, 1 N. Y. 564; *People ex rel. New York & H. R. R. Co.* v. *Commrs. of Taxes*, 101 N. Y. 322; *People ex rel. Dunkirk*

& *Fredonia R. R. Co.* v. *Cassity,* 46 N. Y. 46; *People ex rel. N. Y. & H. R. R. Co.* v. *Comm. of Taxes,* 23 Hun, 687; *Lampman* v. *Milks,* 21 N. Y. 505; *Root* v. *Conkling,* 199 App. Div. 90; *Heyman* v. *Biggs,* 223 N. Y. 118; *People ex rel. Hollock* v. *Purdy,* 72 Misc. Rep. 122; *People ex rel. Mayor of N. Y.* v. *Assessors,* 111 N. Y. 505; *Trustees, etc.,* v. *Smith,* 118 N. Y. 634; *Matter of Frankel,* 157 N. Y. 603; *Phillips* v. *West Rockaway Land Co.,* 226 N. Y. 507; *Nield* v. *Jupiter,* 175 App. Div. 732; 226 N. Y. 594; *Sisters of St. Francis* v. *Mayor,* 51 Hun, 355; 112 N. Y. 677; *Clark* v. *Norton,* 49 N. Y. 243.)

*David I. Silverman* and *Charles Jaffa* for Thesium Amusement Corporation et al., *amici curiæ.* On October 1, 1926, the property was held by defendant for a public use and a tax imposed for said year is, therefore, void. (*People ex rel. Hollock* v. *Purdy,* 72 Misc. Rep. 122; *Brooklyn Park Commrs.* v. *Armstrong,* 45 N. Y. 234; *People ex rel. Mayor* v. *Assessors,* 47 Hun, 390; 111 N. Y. 509; Dillon Mun. Corp. § 773; *Root* v. *Conkling,* 199 App. Div. 90; *Lampman* v. *Milks,* 21 N. Y. 505; *Trustees of Brookhaven* v. *Smith,* 118 N. Y. 634; *Matter of Frankel,* 157 N. Y. 603; *Phillip* v. *West Rockaway Land Co.,* 226 N. Y. 507; *People ex rel. M. D. G. Land Co.* v. *Cantor,* 223 App. Div. 471; 249 N. Y. 604; *People ex rel. Schaeffer* v. *Barker,* 87 Hun, 194; *Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87; *McLean* v. *Jephson,* 123 N. Y. 142; *Dale* v. *City of New York,* 71 App. Div. 227.)

*Lynn G. Goodnough* and *Anson W. Van Ness* for DeKalb-Hudson Corporation, *amicus curiæ.* On October 1, 1926, the taxed property was owned by the city of New York and used for a public purpose; hence the assessment complained of is illegal and void and should be canceled of record as a cloud on title. (Tax Law, § 2, subd. 6; Real Prop. Law, § 2; Condemnation Law, § 2; *Mott* v. *Palmer,* 1 N. Y. 564; *Canfield* v. *Ford,* 28 Barb. 336; *Baker* v. *Johnson,* 2 Hill, 342; *People ex rel.*

*M. D. G. Land Co.* v. *Cantor,* 223 App. Div. 771; 249 N. Y. 604; *People ex rel. Hollock* v. *Purdy,* 72 Misc. Rep. 122; *Brooklyn Park Commrs.* v. *Armstrong,* 45 N. Y. 234; *Matter of Hamilton,* 148 N. Y. 310; *Trustees of Public Schools* v. *City of Trenton,* 30 N. J. Eq. 667; *People ex rel. International Navigation Co.* v. *Barker,* 153 N. Y. 98; *Matter of Rapid Transit R. R. Commrs.,* 197 N. Y. 81; *Waterloo Woolen Co.* v. *Shanahan,* 128 N. Y. 345; *Matter of Niagara Falls & Whirlpool R. Co.,* 108 N. Y. 375; *Matter of Deansville Cemetery Assn.,* 66 N. Y. 569; *Matter of City of Brooklyn,* 143 N. Y. 596; 166 U. S. 685; *Matter of Mayor of N. Y.,* 135 N. Y. 253; *Pontico Water Works Co.* v. *Bird,* 130 N. Y. 249; *Bradley* v. *Degnon Contracting Co.,* 224 N. Y. 60.)

*Arthur J. Hilly,* Corporation Counsel (*William H. King* and *Isaac Phillips* of counsel), for respondent. The taxes for the year 1927 are valid as on October 1, 1926, the property, although owned by the city, was not held or used for a public purpose, and hence was· taxable. (Tax Law, § 3; L. 1901, ch. 466, § 892; *People ex rel. Barnard College* v. *Wells,* 89 N. Y. Supp. 847; 92 App. Div. 622; 179 N. Y. 529; *Whitehead* v. *Cape Henry Syndicate,* 105 Va. 436; *Sumpter* v. *Duffie,* 80 Ark. 369; *State* v. *Martin,* 60 Ark. 343.)

O'BRIEN, J. The fee of the real property of which plaintiff is now the owner was acquired by the city of New York for rapid transit purposes and thereafter it was declared exempt from taxation. In the year 1920 the Transit Construction Commission certified that, except for a particularly described easement and right of way to be reserved by the city, it was no longer needed for transit purposes and the Commissioners of the Sinking Fund authorized its sale subject to that described easement. On October 28, 1926, it was bid in at auction by plaintiff's assignor and was afterward conveyed to plaintiff subject to retention by the city of that easement and

right of way which is described in the deed by metes and bounds. October 1, 1926, was the date which fixed the taxable status for the year 1927 and the property was assessed as of that date. This action is brought to cancel the tax.

Section 4, subdivision 3, of the Tax Law (Cons. Laws, ch. 60) declares property of a municipal corporation held for public use to be exempt from taxation and accordingly the question is whether on October 1, 1926, this property was held " for public use." Prior to the conveyance by deed to plaintiff the interest which the city now holds did not exist. The Transit Construction Commission had merely certified that, except such portion of the land as is now described as within the right of way, the property was no longer required for transit purposes. The Sinking Fund Commission had authorized the sale of the whole property subject to the proposed right of way and such a sale had been effected. The municipality still owned the fee of the entire parcel. It could not create an easement in its own favor to exist during the time that it was vested with the fee. The resolution of the Transit Commission has no greater effect than a declaration that after an easement should in the future be carved out by the operation of diverse interests in the title, the remainder of the physical property would no longer be needed for transit purposes. Until such a time as the right of way might be brought into being, the city's title in fee attached to all this parcel and the land in its entirety must be deemed to be used for a subway. It is true that the surface and the space above and the space for a distance of nine feet below the surface was not physically occupied by transit structures. The land was all one property. This condition may be compared to the partial use of a building such as the cellar of a schoolhouse or any other separate space. A tract of land, for example three acres in area, all in the city's single ownership, may be physically occupied only to the

extent of a single acre. In such instances the better view to take seems to be that the property must be viewed as a whole. The division or separation of the title to this rapid transit property had not occurred on October 1, 1926, and no part of the land was devoted to any purpose except that of a subway. Until the title was separated or the land divided and part of it used for some private purpose, we think the premises must be regarded in their entirety and as such all of it held for public use.

The judgment of the Appellate Division and that of the Special Term should be reversed and judgment directed in favor of the appellant canceling the tax, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment accordingly.