In the Matter of CLARENCE F. KALTENBACH, Appellant, against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents.

BENISCH BROS., INC., et al., Interveners, Respondents.

Argued March 4, 1937; decided April 27, 1937.

*Gustavus A. Rogers* for appellant. The illegal issuance of the permits by the Commissioner of Buildings conferred no vested rights upon the intervening respondents. (*People ex rel. Rice* v. *Graves,* 242 App. Div. 128.)

*Paul Windels, Corporation Counsel* (*William S. Gaud, Jr.,* and *Paxton Blair* of counsel) for Board of Standards and Appeals et al., respondents. Section 6 (b) of the Building Zone Resolution (New York Code of Ordinances, Appendix B) did not prohibit the issuance of the permits. (*Matter of Monument Garage Corp.* v. *Levy,* 266 N. Y. 339; *People ex rel. Corn Hill Realty Co.* v. *Stroebel,* 209 N. Y. 434.)

*John P. McGrath* for Benisch Bros., Inc., et al., interveners, respondents. The permits and certificates of occupancy were properly issued. (*Matter of Monument Garage Corp.* v. *Levy,* 266 N. Y. 339; *Matter of 1525 Myrtle Avenue Realty Co.* v. *Murdock,* 245 App. Div. 749.) The interveners changed their position in reliance on the

permits. They now have a vested right therein and the permits cannot be revoked. (*City of New York* v. *Caulwal Construction Co.*, 235 App. Div. 682; 261 N. Y. 578; *Breil* v. *City of Buffalo*, 144 N. Y. 163; *People ex rel. Evens* v. *Kleinert*, 201 App. Div. 751.)

O'BRIEN, J. The intervening respondent Anna Benisch owns an extensive plot of land on the corner of Jamaica avenue and Autumn avenue in Brooklyn. It is designated on the tax map and is assessed as a single unit. For many years prior to 1916 this land was occupied by Benisch Bros., Inc., and its predecessor as a monument and stone-cutting establishment. After the adoption of the Zone Resolution, July 25, 1916, these premises were zoned in a business district but, although the monument and stone-cutting business is, under that resolution, a non-conforming use, its continuance was authorized by section 6 (a) of the resolution.

In December, 1933, Benisch Bros., Inc., made application to the Commissioner of Buildings to change the use of *part* of the property fronting on Jamaica avenue from a stone and monument plant to a gasoline station. A permit was issued in December, 1933, and a certificate of occupancy was issued July 6, 1934. Later an application was made for a permit for the erection of an " office building " and a four-car garage on the same plot. This application was approved in April, 1934, and a certificate of occupancy was issued August 2, 1934. The monument and stone-cutting business on this plot remained. Thereupon this appellant, a property owner in the vicinity, applied to the Commissioner of Buildings for a revocation of the permits and certificates of occupancy. His application was denied and his appeal to the Board of Standards and Appeals from the decision of the Commissioner of Buildings also was denied and the decision of the Commissioner was affirmed. On certiorari the determination of the Board of Standards and Appeals was confirmed, the order of certiorari was vacated and

the Appellate Division unanimously affirmed the order of the Special Term.

The issue of law is presented whether the addition of the gasoline service station, the " office building " and the four-car garage to these premises constitutes such a change from one non-conforming use to another non-conforming use on the same premises as is authorized by the following provisions of the Building Zone Resolution: Sec. 4 (a), " In a business district no building or premises shall be used, and *no building shall be erected which is arranged, intended or designed to be used, for* \* \* \* stone or monumental works \* \* \* *gasoline service station.*" Sec. 6 (b), " Any use existing in any *building or premises* on July 25, 1916, and not conforming to the regulations of the use district in which it is maintained may be changed, and such use may be extended throughout the *building,* provided that in either case: (1) No structural alterations shall be made in the *building,* except as authorized by paragraph a of this section; and \* \* \* (4) In a residence or business district no *building* or part thereof and no premises, unless devoted to one of the uses that is by paragraph a or b of section 4 prohibited in a business district, shall be changed to any of such uses." (New York Code of Ordinances, Appendix B.) The structure described as an " office building " and the four-car garage were erected on these premises which constitute one plot in a single ownership (*Beekwill Realty Corp.* v. *City of New York,* 254 N. Y. 423, 427) and where the monument business is continued. That these buildings were arranged, intended and designed to be used for a gasoline service station clearly appears not only from the photographs in evidence and the testimony of witnesses but most emphatically from the report of the committee of the Board of Standards and Appeals which inspected the premises. That committee states, in reference to the office building and the four-car garage: " The building is typical of the usual accessory building and office of a gasoline service station. The garage portion is used for

greasing with a hydraulic lift installed, violation for which was issued in June, 1934. A supply of lubricating oils and grease is present. The arrangement of the building with the entrance * * * facing Jamaica Avenue indicates that the intent was to use it in conjunction with the Jamaica Avenue portion, where the gasoline pumps and driveways are installed. The presence of a gasoline vent pipe carried up on the easterly wall of the office and garage building and signs advertising the sale of gasoline as shown in photograph all indicate clearly that the entire area 95 ft. by 100 ft. is a gasoline service station." Since the gasoline pumps and tanks, the garage and the office building constitute a single structural unit which was erected in violation of section 4 (a) of the Building Zone Resolution, the principle announced in *City of Buffalo* v. *Chadeayne* (134 N. Y. 163) does not apply. In that case the owner of the building acquired the right to build in conformity with a resolution of the Common Council. In this case, these respondents were granted permits, in disregard of the Zone Resolution and those permits should, therefore, have been revoked.

The order of the Appellate Division and that of the Special Term should be reversed and the order of certiorari sustained, with costs in all courts.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.