■ ROUTE 22 ASSOCIATES, Respondent, v STEPHEN R. CIPES et al., Appellants. [613 NYS2d 33] —In an action pursuant to RPAPL article 15, *inter alia,* for a judgment declaring that the plaintiffs have an easement over the defendants' property, the defendants appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered June 9, 1992, which, after a nonjury trial, is in favor of the plaintiffs enforcing their easement over the defendants' property.

Ordered that the judgment is affirmed, with costs.

"The rules applied to the construction of an easement created by an express grant are the same as those applicable to the construction of language contained in a deed * * * Although extrinsic factors may be considered in determining the intent of the parties where the language in the instrument creating the easement is vague and unclear[,] a contrary intent cannot be implied if the extent of an easement is clearly indicated by the language in a grant" (2 Warren's Weed, New York Real Property, Easements, § 3.02 [4th ed]). The intention of the grantor is to be determined in light of all the circumstances; however, one of the most important indications of the grantor's intent is the language of the original deeds *(see, Fischer v Liebman,* 137 AD2d 485). Here, contrary to the defendants' contentions, the language contained in the deeds and the other evidence presented at the nonjury trial established that the original grant of the easement was to be permanent in nature.

Further, there is no indication that the plaintiffs had at any time abandoned the easement. The defendants failed to prove both an intention to abandon and some overt act or failure to act in support of such an intention. Mere nonuse will not cause the extinguishment of the easement *(see, Carnemella v Sadowy,* 147 AD2d 874), and here, the evidence did not establish that the plaintiffs intended to permanently relinquish all rights to the easement *(see, Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d 35). Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.