■ WALLKILL FARMS HOMEOWNERS ASSOCIATION, INC., Respondent, v JOHN VELAZQUEZ et al., Appellants, et al., Defendants. [613 NYS2d 641] —In an action to enjoin the defendants from interfering with an access easement and to recover the legal expenses incurred in the prosecution of this action, the

defendants John Velazquez, Josephine Velazquez, Carmen Figueroa, Nicholas Nagy, and Elizabeth Nagy appeal from a judgment of the Supreme Court, Orange County (Miller, J.), entered March 5, 1992, which, *inter alia,* adjudged that the plaintiff had an easement and awarded legal costs and disbursements to it.

Ordered that the judgment is affirmed, with costs.

The plaintiff was a homeowner's association empowered to enforce the covenants and restrictions of a condominium complex. In 1973, a subdivision plan of the condominium complex was filed with the County Clerk. This plan depicted a 25-foot-wide "access easement" on the common boundary line between lots numbered 13 and 14. This access easement was never developed or used. The easement was apparently obstructed sometime in the early 1980's, and in 1989 the plaintiff demanded that the appellants remove the obstructions. This demand was refused.

Nonuse does not create abandonment, no matter how long the nonuse continues *(see, Welsh v Taylor,* 134 NY 450, 457; *Conabeer v New York Cent. & Hudson Riv. R. R. Co.,* 156 NY 474, 484). The acts demonstrating an intention to abandon must be unequivocal and must clearly demonstrate the permanent relinquishment of all right to the easement *(see, Gerbig v Zumpano,* 7 NY2d 327, 330). The defendants failed to adduce any evidence demonstrating that the plaintiff intended to abandon the access easement. The construction of obstructions on the easement by the appellants was merely evidence of nonuse and does not constitute abandonment *(see, De Jong v Abphill Assocs.,* 121 AD2d 678, 680). Thus, the Supreme Court properly concluded that the plaintiff possessed an access easement.

We have examined the appellants' remaining contentions and find them to be without merit. O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.