■ MICHEL TAUBER et al., Appellants, v SPRING VALLEY WATER COMPANY, Defendant, and YESHIVA SHAAR EPHRAIM, Respondent. [641 NYS2d 104] —In an action, *inter alia,* for a judgment declaring that the defendants do not have an easement

for utility purposes over the plaintiffs' property, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Miller, J.), entered February 2, 1995, which, upon an order of the same court dated January 4, 1995, granting the motion of the defendant Yeshiva Shaar Ephraim for summary judgment dismissing the complaint insofar as it is asserted against it, declared that it has an easement over the plaintiffs' property which is in full force and effect.

Ordered that the order and judgment is affirmed, with costs.

The original owner of the property in question expressly granted an easement for ingress, egress, and utility purposes over lots owned by the plaintiffs to benefit the adjacent lots, including the lot owned by the defendant Yeshiva Shaar Ephraim. The plaintiffs contend that the easement was abandoned through non-use for a period of more than 10 years and acts that imply abandonment.

Non-use of an easement does not create abandonment no matter how long it continues (*see, Wallkill Farms Homeowners Assn. v Velazquez*, 205 AD2d 681, 682; *Route 22 Assocs. v Cipes*, 204 AD2d 705, 706). The plaintiffs failed to present evidence of any acts which show an intent to abandon the easement (*see, Wallkill Farms Homeowners Assn. v Velazquez, supra*). The deeds in the chain of title of the property clearly demonstrate the grant of an easement and do not demonstrate any termination of the easement.

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Ritter, Hart and Goldstein, JJ., concur.