OPINION OF THE COURT
 

 Ciparick, J.
 

 Plaintiffs brought a declaratory judgment action seeking access to a right-of-way over defendants’ properties. Supreme Court granted summary judgment in defendants’ favor on the grounds of adverse possession and abandonment. The Appellate Division affirmed on the ground that any easement right plaintiffs might have had was extinguished by merger and did not reach the issues of adverse possession and abandonment.
 
 *781
 
 Because, on this record, defendants failed to make a sufficient showing to warrant summary judgment, we reverse.
 

 This case involves the use of a horseshoe-shaped right-of-way in Garrison Village, located in the Town of Philipstown, Putnam County. The right-of-way, abutting properties of all the parties, is shown on map No. 32 entitled "Estate of Judge John Garrison” dated November 7, 1868 and filed in the Putnam County Clerk’s office. Garrison owned the entire plot of land abutting the right-of-way, which he created when he subdivided the property. The right-of-way consists of a northern spur running east-west to Route 9D, a southern spur running east-west to Route 9D and a north-south spur joining the easterly ends of the northern and southern spurs. The northern spur is presently known as Nelson Lane and is maintained as a public road by the Town. The southern spur traverses hilly terrain.
 

 At issue here is the north-south spur of the horseshoe. The disputed right-of-way is approximately 700 feet long and runs along the western edge of the property on which the residence of defendants Peter and Marilyn Gates is located. A stone wall runs along the western boundary of their residential lot and intersects another stone wall running east to west near the southern end of the north-south spur. A third stone wall intersects the right-of-way near the northern end of the north-south spur. Two stone pillars and a wrought-iron gate are situated at the northern end of the north-south spur and lead to the Gates’ home which was constructed in 1881. The deed to the residential lot, acquired in 1967, expressly confers a right-of-way in the northern and southern spurs of the horseshoe as described in map No. 32. The 1967 deed did not explicitly grant a right-of-way over the north-south spur.
 

 In 1977, plaintiffs Randall and Toni Will acquired a parcel of land abutting the southern spur of the horseshoe and in close proximity to the southern end of the north-south spur. The deed granted plaintiffs:
 

 "A non-exclusive easement for ingress, egress and regress, in common with others, over the right of way shown on said Filed Map No. 32 for all ordinary access by foot or by vehicle between the above described premises and Route 9D.
 

 "together with all Grantor’s right, title and interest in and to said Nelson Lane and said right of way, where they adjoin said premises to the center lines thereof.”
 

 
 *782
 
 Also in 1977, defendants Peter and Marilyn Gates acquired from the same grantor a parcel of land situated to the west of the north-south spur of the easement. The deed contained identical language to plaintiffs’ deed granting a right-of-way, in common with others, over the horseshoe-shaped easement depicted in map No. 32.
 
 *
 

 Peter and Marilyn Gates sold the southern portion of their residential lot to defendants Swinburne-Brower and Brower in 1991. The Gates-to-Brower deed referred to the right-of-way depicted on map No. 32 but expressly restricted the Browers’ easement rights to the southern spur and extinguished any rights they would otherwise have in that portion of the north-south spur which extends over the Gates residential parcel. Likewise, Peter and Marilyn Gates waived the right to use the portion of the north-south spur which extends over the Brower property. The Gates-to-Brower deed granted:
 

 "the right to use for all purposes * * * the right of way, in common with others over a strip of land on the southerly side of Lot no. 1 as shown on a Map of the Estate of John Garrison dated October 1, 1868 and filed in the Putnam County Clerk’s Office as Map No. 32, extending from the premises above described to Route 9D * * *
 

 "No
 
 Easement or Right of Way
 
 for any purpose is granted or released by the Grantors herein to the Grantees, their heirs, distributees, or successors or assigns over, through or upon the remaining lands retained by the Grantors under deed to them dated July 21, 1967 * * * and no
 
 Easement or Right of Way
 
 for any purpose is reserved by the Grantors for themselves, their heirs, distributees, successors or assigns as an appurtenance to their said retained remaining lands” (emphasis in original).
 

 After purchasing their property, defendants SwinburneBrower and Brower proceeded to open a 14-foot roadway on the southern spur of the easement extending through plaintiffs’ property. Plaintiffs brought a declaratory judgment action in Supreme Court alleging that any easement over the southern spur extending through their property had been abandoned. Supreme Court held that the easement as defined by map No.
 
 *783
 
 32 continued to run with defendants’ lot and, accordingly, granted the Swinburne-Browers a right-of-way through plaintiffs property
 
 (Will v Swinburne,
 
 Sup Ct, Putnam County, Dec. 19, 1991, June 8, 1992, Hickman, J.). The judgment was not appealed.
 

 Allegedly motivated in part by a desire to develop their property, plaintiffs then commenced the instant declaratory judgment action in Supreme Court seeking access to the north-south spur leading to Nelson Lane. Defendants interposed a counterclaim seeking to bar plaintiffs from any claim or interest in the north-south spur. Supreme Court denied plaintiffs’ motion and granted defendants’ cross motion for summary judgment dismissing the complaint, holding that plaintiffs’ interest in the north-south spur of the easement had been extinguished through abandonment. Noting that the right-of-way in the north-south spur was not expressly conveyed in Gates’ 1967 deed, that Gates’ house and other improvements were located within the north-south right-of-way, and that the property was enclosed by a wall on its western boundary, the court also held that any right plaintiffs might have had in the north-south right-of-way was lost through adverse possession.
 

 On appeal, the Appellate Division held that any right-of-way plaintiffs might have had in the north-south spur was extinguished by merger of the dominant and servient estates. The Court also opined that plaintiffs never had an easement over the right-of-way at issue.
 

 Preliminarily, we note that plaintiffs alleged sufficient facts to make a prima facie showing of their right to the easement at issue. An easement is not a personal right of the landowner but is an appurtenance to the land benefitted by it (the dominant estate). It is inseparable from the land and a grant of the land carries with it the grant of the easement
 
 (Western Union Tel. Co. v Shepard,
 
 169 NY 170, 179; 49 NY Jur 2d, Easements and Licenses in Real Property, § 158, at 271). Thus, an existing easement appurtenant will pass to the grantee of a dominant estate even if the deed does not expressly refer to the easement
 
 (Tabor v Bradley,
 
 18 NY 109, 111; 49 NY Jur 2d, Easements and Licenses in Real Property, § 159, at 272; 2 Warren’s Weed, New York Real Property, Easements, § 1.03 [1] [b] [4th ed]). An easement acquired by grant "remains as inviolate as the fee favored by the grant, unless * * * conveyed, abandoned, condemned or lost through prescription”
 
 (Gerbig v Zumpano,
 
 7 NY2d 327, 330).
 

 
 *784
 
 In support of their right to the easement, plaintiffs produced the 1977 deed granting them "[a] non-exclusive easement for ingress, egress and regress, in common with others, over the right of way shown on said Filed Map No. 32 for all ordinary access by foot or by vehicle between the above described premises and Route 9D.” All parties agree that filed map No. 32 depicts the horseshoe-shaped easement created by the then servient owner Judge Garrison in 1868 and it is clear that an easement may be designated by reference to a plat map (see,
 
 Huggins v Castle Estates,
 
 36 NY2d 427, 430;
 
 Weil v Atlantic Beach Holding Corp.,
 
 1 NY2d 20, 28 [easement exists in favor of owners whose deeds refer to filed map showing easement]). Plaintiffs properly relied on the deed granting them this interest and defendants have raised no challenge to the validity of the deed. Once created, the easement would continue to pass with the dominant estate unless it was extinguished by abandonment, conveyance, condemnation or adverse possession
 
 (Gerbig v Zumpano, supra,
 
 7 NY2d 327, 330).
 

 Defendants argue, and the Appellate Division held, that plaintiffs’ interest in the north-south spur was extinguished by merger when Gates acquired the westerly parcel in 1977. Defendants argue that the 1977 deed conferred a dominant estate and, because Gates already owned the servient estate (the residential lot acquired in 1967) through which the north-south spur runs, the easement in the north-south spur was extinguished.
 

 The merger doctrine proceeds from a recognition that a person cannot have an easement in his or her own land because all the uses of an easement are fully comprehended in the general right of ownership
 
 (Beekwill Realty Corp. v City of New York,
 
 254 NY 423, 426; 2 Warren’s Weed, New York Real Property, Easements, § 3.03 [4th ed]). Consequently, when the dominant and servient estates become vested in one person, the easement terminates. At that point, the easement no longer serves a purpose and the owner may freely use the servient estate as its owner
 
 (see,
 
 Restatement of Property § 497).
 

 Where, however, only a portion of the dominant or servient estate is acquired, there is no complete unity of title and there remain other dominant owners whose rights are inviolate. The easement rights of these owners cannot be extinguished by a conveyance to which they are not a party. An easement ceases to exist by virtue of a merger only when there is a unity of title of all the dominant and servient estates
 
 (see,
 
 28A CJS, Easements, § 123 [b], at 307 [an easement is "not extinguished
 
 *785
 
 under the doctrine of merger by the acquisition by the owner of the dominant or servient estate to title to only a fractional part of the other estate”]; Restatement of Property § 497, comment
 
 c).
 

 Because there was no proof that all of the dominant and servient estates had vested in one owner, defendants were not entitled to summary judgment on merger grounds.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to that Court for a consideration of adverse possession, abandonment and any other issues raised but not previously reached.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
 

 Order reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.
 

 *
 

 Plaintiffs and defendants Gates have other properties in the area, acquired in 1971 and 1986 respectively, which are not relevant to the issue of merger presented in this case.