■ RICHARD A. BERTOCCI et al., Appellants, v FIELD VIEW GARAGES, INC., Respondent. [661 NYS2d 983] —In an action, *inter alia*, to enjoin the use of a certain driveway by nonresidents of the plaintiffs' town house development, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Silverman, J.), entered September 26, 1996, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs, who are the owners of a town house which immediately abuts a driveway, brought this action, *inter alia*, to enjoin the use of the driveway by nonresidents of the Field Court town house development in which they reside. The plaintiffs contend, *inter alia*, that certain filed maps and deeds establish that the driveway is only to benefit the residents of their development.

Contrary to the plaintiffs' contention, there is no indication that the original owner intended to deny access by residents of the neighboring Tanglewylde town house development and lessees of the defendant Field View Garages, Inc., to the subject driveway easement. The intention of the grantor of an easement is to be determined in light of all the circumstances. However, one of the most important indications of the grantor's intent is the language of the original deeds (*see, Route 22 Associates. v Cipes*, 204 AD2d 705). Based on the record, we discern no intent by the grantor to limit use of the easement to the owners and residents of the Field Court town house development.

The plaintiffs' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.