■ Town of Pound Ridge, Plaintiff, v Susan A. Golenbock, Defendant, Frank Connelly et al., Appellants, and MSR Realty & Construction, Inc., et al., Respondents. [695 NYS2d 388] —In an action, *inter alia,* for a judgment declaring the rights of the parties with respect to an easement, the defendants Frank Connelly, Eileen Connelly, Thomas Ferrara, and Philomena Ferrara appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (DiBlasi, J.), entered September 2, 1998, as granted that branch of the motion of the defendants MSR Realty & Construction, Inc., and Michael S. Roberts which was for summary judgment on the cross claim of those defendants against them and declared that those defendants are possessed of the easement.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants MSR Realty & Construction, Inc., and Michael S. Roberts which was for summary judgment on their cross claim against the appellants is denied, and, upon searching the record, the appellants are awarded summary judgment dismissing that cross claim, and it is declared that the defendants MSR Realty & Construction, Inc., and Michael S. Roberts are not possessed of an easement from the property referred to as Lot 60 across the property owned by the defendants Thomas Ferrara and Philomena Ferrara and terminating in the common driveway easement which provides access to Twin Fair Lane.

It is well settled that a person cannot have an easement in his or her own land, since all of the uses of an easement are fully comprehended in his or her general rights of ownership (*see, Will v Gates,* 89 NY2d 778; *Parsons v Johnson,* 68 NY 62; *see also,* 49 NY Jur 2d, Easements, § 29, at 113). It follows that

the owner of the fee cannot create an easement in his or her own favor to exist during the time he or she is vested with the fee (*see, Beekwill Realty Corp. v City of New York,* 254 NY 423). Accordingly, the predecessors in interest of the defendants Thomas Ferrara and Philomena Ferrara, namely, Thomas J. LaMotte and Ursula LaMotte, could not have granted themselves an easement in Lot 129 for the benefit of Lot 60, which they too owned. Thus, the Supreme Court erroneously determined that an express easement existed.

Furthermore, the court erroneously found that an easement by implication arose as a matter of necessity. To create such an easement, it must be strictly necessary to the beneficial enjoyment of the land in favor of which the easement is to be implied (*see, McQuinn v Tantalo,* 41 AD2d 575; *see also, Van Schaack v Torsoe,* 161 AD2d 701). Such necessity must exist in fact and not as a mere convenience (*see, Heyman v Biggs,* 223 NY 118; *see also,* 49 NY Jur 2d, Easements, § 51, at 140). At the time the first agreements referring to Lot 60 were executed, there was no necessity for an easement over Lot 129 for the benefit of Lot 60, inasmuch as both lots were commonly owned by the LaMottes. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.