■ JAMES P. BOGAN, JR., et al., Respondents, v TOWN OF MT. PLEASANT et al., Appellants, et al., Defendant. [718 NYS2d 181] —In an action, *inter alia,* to recover damages for trespass, the defendants Town of Mt. Pleasant and John E. Ciulla appeal, and the defendant Gary Bettino separately appeals, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 1, 1999, as granted that branch of the plaintiffs' motion which was for partial summary judgment on the issue of liability on the fourth cause of action alleging trespass, and denied their respective cross motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The Supreme Court properly determined that the plaintiffs had an implied easement by grant and that the conduct of the defendant Gary Bettino in blocking their use of the easement constituted a trespass (*see, Cranesville Block Co. v Niagara Mohawk Power Co.,* 175 AD2d 444, 446; 49 NY Jur 2d, Easements & Licenses in Real Property, § 237). It is well established that when property is described in a conveyance with reference to a subdivision map showing streets abutting the lot conveyed, easements in the private streets appurtenant to the lot gener-

ally pass with the grant (*see, Fischer v Liebman,* 137 AD2d 485, 487-488; *see also, Sullivan v Markowitz,* 239 AD2d 404; *Borducci v City of Yonkers,* 144 AD2d 321). Moreover, the grantees of lots abutting a street on a filed map are entitled to have the land so demarcated remain as a street forever, absent their abandonment, conveyance, condemnation, or adverse possession (*see, Fischer v Liebman, supra; Gerbig v Zumpano,* 7 NY2d 327).

The Supreme Court properly refused to dismiss the plaintiffs' causes of action based on 42 USC § 1983 (*see, Will v Gates,* 89 NY2d 778, 783; *see also, Standardbred Owners Assn. v Roosevelt Raceway Assocs.,* 985 F2d 102, 105; *Freedman v Coppola,* 206 AD2d 893).

The defendants' remaining contentions are without merit. O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.