■ GLENN I. HENRICKSEN, SR., et al., Appellants, v TRAILS END COMPANY et al., Respondents. [755 NYS2d 903] —In an action, inter alia, for a judgment declaring that the defendants have no right to use a portion of the plaintiffs' property designated as an easement for access to a pond, the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Byrne, J.H.O.), dated January 23, 2002, which, after a nonjury trial, dismissed the complaint, and is in favor of the defendants and against them on the first and second counterclaims declaring, among other things, that the defendants are entitled to use the easement without interference. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs.

In determining the extent of an easement claimed under an express grant or reservation, the ordinary rules of construction and interpretation apply, which are essentially those applicable to other written instruments, and to deeds generally (*see Route 22 Assoc. v Cipes,* 204 AD2d 705 [1994]). As applied in connection with the grant or reservation of an easement, the primary rule of construction of deeds is that the real intention

of the parties is to be sought and carried out whenever possible, at least when not contrary to settled principles of law or statutory prohibitions (see Route 22 Assoc. v Cipes, supra).

Here, the grant gave the defendants the right to use the entire subservient parcel without restriction to the pond at issue. Accordingly, the Supreme Court properly dismissed the complaint and awarded judgment to the defendants on their first and second counterclaims declaring, inter alia, that they are entitled to use the easement without interference.

The plaintiffs failed to demonstrate their entitlement to relocate the easement of the defendants Richard Marsh and Virginia Marsh. The plaintiffs failed to show that the proposed change did not significantly frustrate the grantor's intent or object in creating the right of way, did not increase the burden on the easement holder, or did not lessen the utility of the right of way (see Lewis v Young, 92 NY2d 443 [1998]).

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Feuerstein, McGinity and H. Miller, JJ., concur.