■ M. PARISI & SON CONSTRUCTION CO., INC., Appellant, v SALVATORE ADIPIETRO et al., Respondents. (Action No. 1.) SALVATORE ADIPIETRO, Respondent, v M. PARISI & SON CONSTRUCTION CO., INC., Appellant, and NINETY FOUR ASSOCIATES, INC., et al., Respondents, et al., Defendants. (Action No. 2.) [800 NYS2d 723]—

In an action, inter alia, to enjoin the defendants in action No. 1 from entering upon certain real property, and a related action, inter alia, pursuant to RPAPL article 15 for a judgment declaring the validity of an easement, M. Parisi & Son Construction Co., Inc., the plaintiff in action No. 1 and a defendant in action No. 2, appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated February 25, 2004, which, upon a decision of the same court also dated February 25, 2004, granted the motion of Salvatore Adipietro, a defendant in action No. 1 and the plaintiff in action No. 2, and the separate motion of Ninety Four Associates, Inc., and Mennuti Realty Corp., defendants in action No. 2, for summary judgment declaring the validity of the easement and awarding a permanent injunction enjoining it from obstructing or otherwise interfering with the use of the subject easement and dismissing action No. 1.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring the validity of the easement.

The parties to these appeals are successors in title to certain lots originally conveyed by Mastic Acres, Inc. (hereinafter the grantor), the developer and filer of a subdivision map entitled "Map of Mastic Acres, Unit 16," filed in 1947. The appellant owns land specifically delineated on the Map of Mastic Acres, Unit 16, as a parking field and a street called Bobbikar Lane, which was to provide access to the parking field. Salvatore Adipietro (hereinafter the plaintiff), a defendant in action No. 1 and the plaintiff in action No. 2, owns lots abutting the parking field and asserts that he has an easement over Bobbikar Lane and the parking field.

The plaintiff alleged sufficient facts to establish a prima facie showing of his entitlement to summary judgment (see Will v Gates, 89 NY2d 778, 783-784 [1997]; see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The plaintiff's title is derived from a 1948 deed by the grantor which conveyed certain specifically described lots in the Map of Mastic Acres, Unit 16, together with the "full right to use the streets and avenues in the said sub-division, for ingress to and egress from any place in

the same." All subsequent conveyances, including that to the plaintiff, contained specific references to the filed subdivision map and the phrase "[t]ogether with the appurtenances and all the estate and rights of the party of the first part in and to said premises" as required by Real Property Law § 255, without any exclusions. One of the prior conveyances in the plaintiff's chain of title included the aforesaid language granting the easement for ingress and egress.

The law is clear that "when property is described in a conveyance with reference to a subdivision map showing streets abutting the lot conveyed, easements in the private streets appurtenant to the lot generally pass with the grant" (*Bogan v Town of Mt. Pleasant,* 278 AD2d 264, 264-265 [2000]; *see Sullivan v Markowitz,* 239 AD2d 404 [1997]; *Fischer v Liebman,* 137 AD2d 485, 487 [1988]). Here, the appearance of the subdivision map and the language contained in the deed permit the reasonable inference that in 1948 the grantor intended to create an easement over Bobbikar Lane and the subject parking field (*see Fischer v Liebman, supra; see also Will v Gates, supra*). The grant of right continued with each subsequent conveyance referencing the subdivision map (*see Fischer v Liebman, supra*). Even absent these express references in the subsequent deeds, the easement appurtenant passed with each conveyance (*see Will v Gates, supra,* citing *Tabor v Bradley,* 18 NY 109, 111 [1858]).

The evidence submitted by the appellant failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). The appellant asserts that the 1948 deed contained limiting language and that subsequent certificates of abandonment filed by the grantor raised questions of fact as to the grantor's intent. This argument is unavailing and belied by the fact that the appellant's principal sought and obtained an abandonment of a portion of Bobbikar Lane from one of the other adjoining landowners in 1987 and attempted unsuccessfully to obtain an abandonment from the plaintiff later the same year.

The grantees of lots abutting a street demarcated on a filed map are entitled to have the street remain as a street forever, absent abandonment, conveyance, condemnation, or adverse possession (*see Fischer v Liebman, supra* at 488). Absent clear and unequivocal facts demonstrating an intent to permanently relinquish the grant of right, nonuse, even of substantial duration, alone will not establish abandonment (*see Wallkill Farms Homeowners Assn. v Velazquez,* 205 AD2d 681, 682 [1994]; *Route 22 Assoc. v Cipes,* 204 AD2d 705, 706 [1994]), and the grant of

easement "remains as inviolate as the fee favored by the grant" (*Gerbig v Zumpano,* 7 NY2d 327, 330 [1960]; *see Spier v Horowitz,* 16 AD3d 400 [2005]). Since there was "no unity of title of all dominant and servient estates," neither the abandonment of portions of the original subdivision plan in 1955 and 1962 nor the taking of a portion of the parking field for the construction of the William Floyd Parkway established an abandonment of the grants of right to the plaintiff or any other adjoining landowner who was not a party to those agreements (*see Will v Gates, supra* at 784-785).

The appellant's remaining contentions are without merit.

Since action No. 2 seeks declaratory relief, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the easement is valid (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.