SUMMIT AT POMONA, LTD., et al., Respondents, v VILLAGE OF POMONA, et al., Appellants. [898 NYS2d 650]—

· In an action, inter alia, to recover damages pursuant to 42 USC § 1983, for alleged violations of constitutional rights to due process and the taking of property without just compensation, the defendants appeal from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated February 17, 2009, as denied their motion for summary judgment dismissing the complaint and for leave to amend their answer.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the causes of action predicated on New York State law insofar as asserted against the defendants Herbert Marshall, Alvin Appel, Nick Anderson, Buff Blass, Ian Banks, and P. Joseph Corless, and all causes of action insofar as asserted against the defendants Michael R. Zrelak, Jr., Melvin H. Klingher, and Norman Becker, and substituting therefor provisions granting those branches of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1968 the plaintiffs obtained permission to subdivide real property located in what was then an unincorporated area of the Town of Haverstraw, and which later became the Village of Pomona. In 1999, after construction of a certain access roadway was underway, the Village issued a stop work order based on Local Law No. 8 (1997) of the Village of Pomona, which requires a permit for grading, filling, and clearing operations. That prompted the plaintiffs to commence this action in 2000, contending that Local Law No. 8 (Code of Village of Pomona § 130-18 [H]; hereinafter Local Law No. 8) was unconstitutional on its face and as applied. The complaint further contended that, in order to hinder the plaintiffs' development of the property, the Village made repeated demands of the plaintiffs for money in lieu of parkland, which were improper since the plaintiffs had dedicated parkland to the Town at the time of the original subdivision. In 2001 the parties entered into a "Stipulation of Partial Settlement Without Prejudice," pursuant to which the Village agreed not to demand money in lieu of parkland for the subdivision, and to allow the plaintiffs to complete the construction of the access roadway with certain conditions.

The defendants appeal from so much of an order as denied their motion for summary judgment dismissing the complaint and for leave to amend their answer. We note that in the opposition to the motion before the Supreme Court and in the respondents' brief on appeal, the plaintiffs failed to respond to the defendants' contentions that there is no viable cause of action against them arising out of the Village's issuance of the stop work order based on Local Law No. 8. Under these circumstances, the plaintiffs failed to raise a triable issue of fact regarding the stop work order and Local Law No. 8. The issue extant then, is whether the plaintiffs have viable causes of action against the defendants based on the allegedly improper demands for money in lieu of parkland.

We reject the defendants' contentions that they should have been granted leave to amend their answer to assert the affirmative defense of the statute of limitations, and that some of the plaintiffs' claims pursuant to 42 USC § 1983 should have been dismissed as time-barred. The plaintiffs established that the defendants' alleged violations of their constitutional rights of repeated, unjustified demands for money in lieu of parkland, were linked together and continuing, such that the statute of limitations for the 42 USC § 1983 claim was tolled up until the last violation, which occurred within the three-year limitations period (*see Deepwells Estates Inc. v Incorporated Vil. of Head of Harbor,* 973 F Supp 338, 345-347 [1997]). Accordingly, the defendants' proposed amendment was patently devoid of merit and, as such, the Supreme Court properly denied that branch of the defendants' motion which was for leave to amend the answer

We also reject the defendants' contention that the state law claims premised upon the demands for money in lieu of parkland must be summarily dismissed insofar as asserted against the Village on the ground that those claims were not included in the notice of claim. A defect or omission in a notice of claim which does not pertain to the time or manner of its service may "at any stage of the action" be corrected or disregarded provided that the municipality was not prejudiced by the error or omission (*see Shea v Incorporated Vil. of Head of Harbor*, 180 AD2d 675, 676 [1992], quoting General Municipal Law § 50-e [6]). Contrary to the defendants' assertion, there was testimony at the hearing pursuant to General Municipal Law § 50-h concerning the claims arising from the Village's demands for money in lieu of parkland, which we consider to have supplemented the notice of claim (*see Lord v New York City Hous. Auth.*, 184 AD2d 406 [1992]). Moreover, we discern no prejudice to the defendants' defense of the action due to deficiencies in the notice of claim.

Concerning the merits of the 42 USC § 1983 claim based on alleged violations of the right to substantive due process, we find that the defendants failed to establish that there were no triable issues of fact concerning whether the plaintiffs had a constitutionally protected property interest, and whether the defendants' conduct was arbitrary and irrational in the constitutional sense (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617 [2004]). Nor are we persuaded that the defendants eliminated all triable issues of fact as to whether the plaintiffs sustained a concrete injury as a result of the alleged violations (*see Town of Orangetown v Magee*, 88 NY2d 41 [1996]). The defendants also failed to establish, prima facie, that the plaintiffs

do not have a viable 42 USC § 1983 cause of action based upon a regulatory taking (see *Lingle v Chevron U. S. A. Inc.*, 544 US 528, 538-539 [2005]).

We further reject the defendants' contention that they established, prima facie, that the Village cannot be held liable for the alleged violations. There are triable issues of fact as to whether the complained-of actions were made, or at least ratified by, "those whose edicts or acts may fairly be said to represent official policy" (*Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]).

However, the defendants established that some of the individual defendants are entitled to immunity. Specifically, the plaintiffs do not dispute that the defendants Michael R. Zrelak, Jr., Melvin H. Klingher, and Norman Becker are entitled to qualified immunity on the federal law claims, and governmental immunity for discretionary acts on the state law claims. While we reject the defendants' contention that they established that the remaining individual defendants were entitled to qualified immunity on the federal law claims (see *Warren v Keane*, 196 F3d 330, 332 [1999]), we agree that they established that all of the individual defendants were entitled to governmental immunity for discretionary acts on the state law claims (*Tango v Tulevech*, 61 NY2d 34, 40 [1983]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.