In an action, inter alia, for a judgment declaring that the plaintiff has an exclusive easement over real property owned by the defendants and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Putnam County (O’Rourke, J.), dated December 8, 2009, which granted the defendants’ motion for summary judgment on the third counterclaim declaring that she does not have an exclusive easement over the real property to the extent that the easement excludes the defendants’ use of their property and denied the plaintiffs cross motion for summary judgment on the third cause of action, in effect, declaring that she has such an exclusive easement.
*611 Ordered that order is affirmed, with costs, and the matter is remitted to the Supreme Court, Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have an exclusive easement over the subject property to the extent that the easement excludes the defendants’ use of that property.
The Supreme Court properly granted the defendants’ motion for summary judgment on the third counterclaim declaring that the plaintiff was not entitled to an “exclusive” easement over the defendants’ real property to the extent that the easement excludes the defendants’ use thereof. In support of their motion, the defendants submitted, inter alia, a written agreement which established, prima facie, that the subject easement granting the plaintiff the right of ingress to and egress from her property over the contested portion of the defendants’ real property did not preclude the defendants from also using that contested area so long as the defendants did not use that area in a manner which unreasonably interfered with the plaintiffs rights. “In determining the extent of an easement claimed under an express grant or reservation, the ordinary rules of construction and interpretation apply, which are essentially those applicable to other written instruments, and to deeds generally” (Henricksen v Trails End Co., 303 AD2d 458, 458 [2003]). In opposition to the defendants’ prima facie showing, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Consequently, the Supreme Court properly denied the plaintiffs cross motion for summary judgment on the third cause of action, which, in effect, alleged that the subject easement precluded the defendants from using the contested area.
Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have an exclusive easement over the subject property to the extent that the easement excludes the defendants’ use of that property (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.