■ HARVEY M. SHAPIRO et al., Appellants, v MICHAEL W. JACKEL, Respondent. [942 NYS2d 208]—

In an action, inter alia, for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated February 14, 2011, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs seek to permanently enjoin the defendant from placing obstructions over a private lane on the defendant's property so as to prevent their use of the lane as a means of accessing their adjoining property. They contend that they have an easement by express grant over the private lane for ingress and egress to and from their property.

In opposition to the defendant's prima facie showing that the plaintiffs attempted to create the alleged easement by way of a 2006 deed, the plaintiffs raised a triable issue of fact by submitting a 1954 deed transferring what is now the defendant's property, which contains language "[r]eserving the use of the lanes for public use." The description of "lanes" is ambiguous and, thus, it cannot be determined, as a matter of law, whether the easement refers to the private lane at issue (*see Route 22 Assoc. v Cipes*, 204 AD2d 705, 706 [1994]; *see also Andersen v Mazza*, 258 AD2d 726, 727 [1999]). Accordingly, while the plaintiffs' cross motion for summary judgment on the complaint was properly denied, the defendant's motion for summary judgment dismissing the complaint also should have been denied. Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.