■ SEAVIEW AT AMAGANSETT, LTD., et al., Respondents, v TRUSTEES OF FREEHOLDERS AND COMMONALTY OF TOWN OF EAST HAMPTON et al., Appellants, et al., Defendants. [38 NYS3d 212]—

In an action, inter alia, to quiet title pursuant to RPAPL article 15, the defendants Trustees of the Freeholders and Commonalty of the Town of East Hampton and the Town of East Hampton separately appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), entered June 25, 2015, as, upon reargument, vacated its original determination in an order entered September 11, 2014, granting those branches of their separate motions which were for summary judgment dismissing portions of the first and third causes of action insofar as asserted against each of them and otherwise denying those motions, and thereupon denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

This action involves the issue of use of an ocean beach in the Town of East Hampton which is on or adjacent to properties owned by the plaintiffs. In 2009, the plaintiffs commenced this action pursuant to RPAPL article 15 for a judgment declaring that they are the owners in fee simple absolute of those portions of the disputed properties that extend to the mean high-water mark of the ocean, and declaring that the defendants are not entitled to allow residents of the Town or nonresidents to use the beachfront area or vehicles on that part of the plaintiffs' property. The plaintiffs also seek injunctive relief based on theories of nuisance and trespass. In the order appealed from, upon reargument, the Supreme Court, inter alia, denied the separate motions of the defendants Trustees of the Freeholders and Commonalty of the Town of East Hampton (hereinafter the trustees) and the Town (hereinafter together the town defendants) for summary judgment dismissing the complaint insofar as asserted against each of them. The town defendants appeal.

The Supreme Court properly determined that the town defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action interposed pursuant to RPAPL article 15. In an action to quiet title pursuant to RPAPL article 15, the movant must establish that it holds title, or that the nonmovant's title claim is without merit (*see 5000, Inc. v Hudson One, Inc.*, 130 AD3d 676 [2015]; *Clochessy v Gagnon*, 58 AD3d 1008, 1009-1010 [2009]; *M. Parisi & Son Constr. Co., Inc. v Adipietro*, 21 AD3d 454, 455 [2005]). Here, the town defendants failed to demonstrate, prima facie, that the plaintiffs' title claim lacks merit. In particular, the

town defendants failed to demonstrate, as a matter of law, that any of the conveyances comprising the plaintiffs' chain of title were invalid, as there are triable issues of fact with respect to that issue. Accordingly, contrary to the town defendants' contention, they were not entitled to summary judgment on the ground that the plaintiffs did not own the disputed area (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Moreover, the town defendants failed to establish, prima facie, that they are legally permitted to allow individuals to use the disputed area by virtue of a certain reservation clause contained in one of the deeds allegedly comprising the plaintiffs' chain of title. Contrary to the town defendants' contention, they failed to eliminate all triable issues of fact as to the scope of that reservation (*see DiDonato v Dyckman*, 76 AD3d 610, 611 [2010]; *cf. Henricksen v Trails End Co.*, 303 AD2d 458 [2003]). Since the town defendants did not establish that the reservation clause encompasses the uses now made of the property by the Town, they were not entitled to summary judgment on that ground (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The Supreme Court properly determined that the town defendants failed to establish that the action is untimely. The complaint alleges causes of action to quiet title, and causes of action based on theories of nuisance and trespass, as well as a constitutional cause of action. Contrary to the town defendants' contention, the quiet-title causes of action are not based on an "inverse condemnation" theory (*see City of Buffalo v Clement Co.*, 28 NY2d 241, 255 [1971]; *Katz v Village of Southampton*, 244 AD2d 461, 463 [1997]). Therefore, the limitations period for inverse condemnation claims is inapplicable. The nuisance and trespass causes of action are based on ongoing and continuing acts, namely, the continuing use of the subject beach by motorists as authorized by the Town. The constitutional cause of action is similarly based. The town defendants failed to demonstrate that those causes of action were untimely interposed (*see Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61, 66 [2009]; *Wright v Sokoloff*, 110 AD3d 989, 990 [2013]; *Lucchesi v Perfetto*, 72 AD3d 909, 912 [2010]; *see also Summit at Pomona, Ltd. v Village of Pomona*, 72 AD3d 797, 799 [2010]).

Finally, the Supreme Court correctly concluded that the town defendants failed to demonstrate that the action is barred by the doctrine of laches. The "doctrine of laches has no application when plaintiffs allege a continuing wrong," as is alleged here (*Capruso v Village of Kings Point*, 23 NY3d 631, 642

[2014]; *see Matter of Burke v Sugarman*, 35 NY2d 39, 45 [1974]). Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.