Froehlich v 66 Shore Dr., LLC (2018 NY Slip Op 04308)





Froehlich v 66 Shore Dr., LLC


2018 NY Slip Op 04308


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-10327
 (Index No. 3597/16)

[*1]Frank Froehlich, et al., respondents, 
v
66 Shore Drive, LLC, appellant.


Antony Hilton, New York, NY, for appellant.
Murphy and Schisano (Strauss & Kallus PLLC, Goshen, NY [Barbara J. Strauss], of counsel), for respondents.



DECISION & ORDER
In an action for injunctive relief, the defendant appeals from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated September 14, 2016. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action arises from a dispute regarding the proprietary rights attached to a parcel of real property in the Town of Deerpark. The subject property was originally owned by a private citizen and donated to the Town in 1974. In 2013, the Town sold the property to two individuals who thereafter deeded the property to the defendant, 66 Shore Drive, LLC. The plaintiffs allege that they have easements appurtenant to their individual parcels of real property to use the subject property for recreational purposes. The defendant maintains that the plaintiffs are trespassers who, at most, had easements in gross or revocable licenses to use the subject property, which the defendant has revoked.
The plaintiffs commenced this action to permanently enjoin the defendant from restricting the plaintiffs' access to the property in the future and to direct the defendant to remove all existing barriers blocking the plaintiffs' access to the subject property. The plaintiffs also sought a declaration that they have prescriptive easements. The defendant moved, inter alia, pursuant to CPLR 3211(a)(1), (3), and (7) to dismiss the complaint. The Supreme Court denied those branches of the motion, and the defendant appeals.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), "the complaint must be accorded a liberal construction, the facts as alleged therein must be accepted as true, and the plaintiff must be accorded the benefit of every favorable inference" (Elow v Svenningsen, 58 AD3d 674, 674). The "sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
The complaint, construed liberally, sufficiently pleaded causes of action alleging [*2]interference with easements or rights-of-way, trespass, and nuisance (see Bogan v Town of Mt. Pleasant, 278 AD2d 264, 264; Cranesville Block Co. v Niagara Mohawk Power Corp., 175 AD2d 444, 446; see also Schwarz v Village of Hastings-on-Hudson, 96 AD2d 533, 534). The plaintiffs also sufficiently pleaded a cause of action seeking a declaration that they have easements by prescription (see Eskenazi v Sloat, 40 AD3d 577, 577).
A party seeking dismissal pursuant to CPLR 3211(a)(1) "on the ground that its defense is based on documentary evidence must submit documentary evidence that resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim" (Elow v Svenningsen, 58 AD3d at 675; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). The defendant did not present documentary evidence that resolved all factual issues and conclusively disposed of the plaintiffs' causes of action.
CPLR 3211(a)(3) provides a basis for dismissal where the party asserting the cause of action does not have legal capacity to sue. The defendant argues that the Supreme Court should have directed dismissal pursuant to CPLR 3211(a)(3) of the cause of action alleging trespass because the plaintiffs do not have any possessory rights over the subject property. However, interference with a plaintiff's easement can give rise to a cause of action alleging trespass (see Bogan v Town of Mt. Pleasant, 278 AD2d at 264). Accordingly, the defendant was not entitled to dismissal of the cause of action alleging trespass pursuant to CPLR 3211(a)(3).
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court