■ Joseph A. Riggs, Jr., Respondent, v Lewis C. Kirschner, as County Treasurer of Ulster County, et al., Defendants, and Joseph De Lucia et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered June 16, 1988 in Ulster County, which, inter alia, granted plaintiff's motion for summary judgment.

In this RPAPL article 15 action, plaintiff alleges that he became the owner in fee simple absolute of certain real property in the Town of Saugerties, Ulster County, by virtue of a deed dated October 3, 1986 from the heirs of John C. Sauer. Plaintiff seeks a declaration that a certain quitclaim deed from defendant Ulster County Treasurer purportedly conveying the same property to defendants Joseph De Lucia, Jean De Lucia and Stephanie Denis (hereinafter defendants) is null and void and should be canceled and discharged of record. Plaintiff claims that the premises purported to be sold at the tax sale were inaccurately described in the tax deed between the County Treasurer and defendants. In support of this claim, plaintiff alleges that defendants, upon receipt of the deed to the subject property, obtained a survey of the premises

which disclosed that the land described in the tax deed contained about 32.26 acres of land, not three acres as stated in the tax deed. He further contends that the recited identity of the adjoining owners in the tax deed was inaccurate and as such "precludes reasonable identification of the parcel". After defendants answered and a counterclaim to quiet title in the individual defendants was asserted, plaintiff moved for summary judgment. Defendant County of Ulster and its Treasurer cross-moved for summary judgment. Supreme Court, without opinion or memorandum, granted plaintiff's motion and denied the cross motion. Defendants appealed.*

We reverse. Precise descriptions of property dimensions in tax deeds may be desirable, but are not indispensable so long as "the land can be identified with reasonable certainty" *(Goff v Shultis,* 26 NY2d 240, 245; *see,* RPTL 504 [4]). Accordingly, our concern is not that the description of the property in the tax deed is sparse, but whether the property conveyed can be identified with reasonable certainty despite the brevity of the description. The resolution of this issue is a question of fact *(see,* 43 NY Jur 2d, Deeds, § 36, at 223). Therefore, plaintiff's motion for summary judgment should have been denied.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion; motion denied; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.

---

* The County of Ulster and its Treasurer also appealed but we have previously dismissed their appeal.