■ WILLIAM J. SEDOR, SR., et al., Appellants, v RICHARD WOLICKI et al., Respondents. (Appeal No. 1.) [616 NYS2d 124] — Order unanimously reversed on the law without costs, defendants' motion denied, complaint reinstated and plaintiffs' motion granted. Memorandum: Supreme Court erred in granting the motion of defendants for summary judgment. Plaintiffs instituted this action for a permanent injunction compelling defendants to remove a chain link fence that they had erected across a 15-foot right-of-way on their property, which had been used by plaintiffs for ingress and egress to and from their driveway.

In 1952, Robert Blum, the owner of a large parcel of property on Conesus Lake, subdivided the property into eight lots, one of which (Lot 1) was conveyed by Blum to plaintiffs' predecessors in title, Harold and Edythe Wolfanger. The Blum-Wolfanger deed granted the Wolfangers a "[r]ight of way 15 feet in width on the property of the party of the first part [Blum] along the division line of said property now owned by the party of the first part [Blum] and Francis M. Joy [the adjoining landowner to the east]". Subsequently, the Wolfangers conveyed Lot 1 to Robert C. Henderson. The deed included the 15-foot right-of-way in the Blum-Wolfanger deed but erroneously copied the wording of the Blum-Wolfanger deed. Thus, reference in the Wolfanger-Henderson deed to a right-of-way on the property of the party of the first part along the division line of property now owned by the party of the first part was intended to refer to a right-of-way on the property of Blum along the division line of property now (or formerly) owned by Blum and Joy, not, as it literally read, on the property of the Wolfangers, the party of the first part in the Wolfanger-Henderson deed. That error was perpetuated when Henderson conveyed Lot 1 to plaintiffs in 1974. That deed described the right-of-way as a "right of way 15 feet in width on the property of Harold J. Wolfanger along the

division line of said property now owned by Harold J. Wolfanger and Francis M. Joy". The Wolfangers then owned no property in the subdivision.

The reference to the property as being owned by Wolfanger rather than by Henderson was clearly a misdescription perpetuated from the error in the Wolfanger-Henderson deed. Neither deed could indicate an intention on the part of the grantor to reserve an easement in his favor upon Lot 1. Wolfanger and Henderson did not own other property in the Blum subdivision at the time of their conveyances of Lot 1; thus, there would have been no rational purpose for withholding any reservation. Further, the deed language expressed the grant of an easement, not the reservation of one. At most, there is ambiguity in the deed, permitting the use of extrinsic evidence, including the history of the other conveyances in the subdivision, to determine the grantor's intent. Moreover, where there is an ambiguity, the clause granting an easement must be construed in favor of the grantee (see, *Dillon v Moore,* 270 App Div 79, 82, *affd* 296 NY 561; *see generally,* 2 Warren's Weed, New York Real Property, Easements, § 17.03). Thus, even accepting defendants' argument that the language regarding the right-of-way is ambiguous, its meaning must be resolved in favor of plaintiffs, the grantees of the easement (see, 49 NY Jur 2d, Easements, § 36). Construing the deed as a whole, particularly in light of the presence in the deed of a general appurtenance clause, which passes an easement originally created by grant to the grantee of the dominant estate even where the deed omits express reference to the easement (see, *Strnad v Brudnicki,* 200 AD2d 735; 2 Warren's Weed, *op. cit.,* § 8.01), we conclude that the Wolfangers and Henderson, as grantors, conveyed all of their right, title and interest in Lot 1, including the estate in the 15-foot right-of-way, to their grantees.

The contention that defendants' deed evidences the intention of Blum to reserve a contingent easement in his favor is without merit. As the record discloses, Blum's purpose in granting the right-of-way to the owner of Lot 1, and reserving that same right-of-way in the subsequent conveyances of Lots 4 through 8, was to provide the owners of Lot 1 and of Lots 4 through 8 access to the public road south of Lot 8. Blum could convey in 1958 to Holewinski, defendants' predecessor in title, only what Blum still owned, after having conveyed in 1952 the easement to the Wolfangers, plaintiffs' predecessors in title. Therefore, Lot 4, the Holewinski parcel, was conveyed

subject to the easement already held by the dominant estate, Lot 1, which is plaintiffs' parcel.

The court erred in determining that the language in the deed to Lot 4, which made it subject to a 15-foot right-of-way "as shown and designated on [the Copeland] map as 15' Future Roadway to Lake if Required", created a contingent right-of-way and, therefore, violated the rule against perpetuities. When Blum conveyed Lot 1, the Copeland map was not referenced in that deed. Indeed, it could not have been because the Copeland map was not drafted until 1957 and not filed until 1958. Further, the legend in the map did not describe the 15-foot strip of land as a future right-of-way; it could not do so because the right-of-way already existed by virtue of its grant by Blum in 1952. Additionally, in making the future grants of Lots 4 through 8, Blum reserved the right-of-way in all of the deeds to those lots. In those deeds, he stated that there was "reserv[ed] a fifteen foot right of way over and along the easterly fifteen feet" of each lot; he specified the exact location of the right-of-way by referring to the Copeland map, which had by then been drafted and placed on public record. Thus, the right-of-way was not contingent upon the construction of a roadway to the lake, but vested immediately and, therefore, it did not violate the rule against perpetuities.

We have reviewed defendants' remaining contentions and find them to be without merit. (Appeal from Order of Supreme Court, Livingston County, Cicoria, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.