■ JOE ANN WHIPPLE et al., Appellants-Respondents, v TRAIL PROPERTIES, INC. et al., Respondents-Appellants. [652 NYS2d 657] —Yesawich Jr., J. (1) Cross appeals (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Colabella, J.), entered June 20, 1995 in Putnam County, which, *inter alia*, partially granted defendants' motion for partial summary judgment and made a declaration in their favor, and (2) appeal from an order of said court, entered January 29, 1996 in Putnam County, which, upon reargument, adhered to its prior decision.

In this boundary dispute, Supreme Court, in resolving the parties' motions for summary judgment, found, *inter alia*, that there was insufficient evidence in the record to support plaintiffs' claim that they had acquired title to a 16-acre parcel by adverse possession under a written instrument (see, RPAPL 511, 512), and declared defendant Trail Properties, Inc. (hereinafter TPI) to be the record owner of a portion of that parcel, north of a boundary line proposed by plaintiffs in connection with another aspect of their claim, to which plaintiffs had not otherwise claimed ownership by adverse possession or record title. Defendants were, however, denied summary judgment with respect to a different portion of the disputed land, south of the boundary line proposed by plaintiffs, with respect to which plaintiffs also claim to be the record title holders (hereinafter the southern land). Plaintiffs appeal from the former holding, and from Supreme Court's order adhering to that decision upon reargument, and defendants appeal from the former.

Plaintiffs' appeal has merit. Supreme Court's rejection of plaintiffs' claim of adverse possession under color of a written instrument was premised upon its finding that the tax deed proffered by plaintiffs does not describe the property purportedly conveyed with enough specificity to constitute colorable title thereto. The description contained in the deed, which was received by plaintiff Joe Ann Whipple and her husband in 1966, is as follows:

"Building 16 acres Gipsy Trail. Bounded N. and E. Trail; S. Ryder.

"BEING the same premises sold by the Putnam County Treasurer to the Board of Supervisors at a Tax Sale held on November 28, 1962 and thereafter conveyed by said County Treasurer to said Board of Supervisors by Tax Deed dated November 23, 1965 and recorded in the Putnam County Clerk's Office in Liber 621 of Deeds at page 122."

While this description is undeniably sparse, its references to Gipsy Trail Road, and boundaries with lands of Ryder and "Trail" (apparently referring to TPI), to the south and north, respectively, demonstrate (and it is not seriously disputed) that the property's true location must be on the west side of Gipsy Trail Road. This, along with the quantity of land purportedly conveyed (which, given the northern, southern and eastern boundaries, roughly fixes the western border); the extrinsic proof (*see, Cordua v Guggenheim*, 274 NY 51, 57; *Town of Brookhaven v Dinos*, 76 AD2d 555, 562, *affd* 54 NY2d 911), submitted by plaintiffs, that the parties to the deed actually intended it to convey a particular parcel shown on a 1963 tax map, and somewhat more accurately described, in an earlier (1957) tax deed, as bounded on the north, east and west by "Trail", and on the south by Ryder; and the testimony of plaintiffs' surveyor as to the proper interpretation of the 1957 description, is enough to at least raise a question of fact as to whether the deed relied upon by plaintiffs indicates the actual location and boundaries of the parcel with enough certainty to support their claim (*see, Goff v Shultis*, 26 NY2d 240, 247-248; *Riggs v Kirschner*, 149 AD2d 886, 887). Accordingly, summary judgment should not have been granted with respect to the land ostensibly transferred by this deed.

As for the denial of summary judgment vis-à-vis the southern land, defendants' assertion that Supreme Court erred in this regard is unpersuasive, for, as that court found, the opinion expressed by Terry Bergendorff-Collins, plaintiffs' expert, as to the correct location of the boundary line at issue—which is not, as defendants contend, "merely conclusory", but is based on the description of the line and its terminus found in the relevant deed, and Bergendorff-Collins' interpretation of the monuments and landmarks found in the field—is sufficient to preclude the summary relief defendants seek. Although defendants place much emphasis on the fact that Bergendorff-Collins' analysis does not take into account one aspect of the deed description (the location of the boundary line's terminus at the dividing line between two other parcels), their expert has done the same, simply disregarding other portions of the description, namely, the westerly direction of the line, and the exact nature of the monument marking its end, i.e., a "corner

of walls". Moreover, Bergendorff-Collins' explanation of why she chose to rely on some parts of the description and not others is no more inherently incredible than the explanation proffered by defendants' expert to justify his conclusions (*cf.*, *Zelnik Realty v York*, 170 AD2d 926, 928).

Mikoll, J. P., Peters and Spain, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as granted summary judgment to defendants dismissing plaintiffs' claims of adverse possession and declared defendant Trail Properties, Inc. the holder of record title to the disputed property north of the boundary line proposed by plaintiffs, and, as so modified, affirmed.