■ SHIRLEY WINTEMBERG, Respondent, v MARY KOWAL et al., Appellants. [653 NYS2d 178] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Conway, J.H.O.), entered October 23, 1995 in Albany County, which granted plaintiff's motion for a directed verdict.

This dispute involves a parcel of real property located in the Town of Westerlo, Albany County. The parcel was a portion of the land conveyed to Edward Juliano and Ruth Juliano by Harold Winn and Goldie Winn in 1957. In 1960, the Julianos deeded part of this property to Isidoro Rodriguez and Mercedes Rodriguez, who in turn later conveyed it to plaintiff and her husband (who has since died, leaving plaintiff as the sole owner). Then, in 1966, the Julianos conveyed the remainder of the land they had acquired from the Winns (which included acreage on both sides of Kingsley Road) to John Kowal and defendant Mary Kowal, by a deed containing the same description as the Winn/Juliano deed, but expressly excepting therefrom the "land conveyed to Isidoro Rodriguez and Mercedes Rodriguez". After John Kowal died, Mary Kowal deeded this property to her sons, defendants William Kowal and Donald Kowal.

This controversy has its origin in an ambiguity in the Juliano/Rodriguez and Rodriguez/Wintemberg deeds, which contain identical descriptions of the land purportedly conveyed thereby, including both a perimeter description (some courses of which are described by direction and distance, while others use landmarks and boundaries of other properties), and other descriptive references, among them a statement that the land at issue comprises "26/ acres, more or less", and that it constitutes "all of the property lying on the East Side of Kingsley Road owned by [the grantors]". The metes and bounds description contained in these deeds is defective, however, in that it does not close; moreover, the deed refers to an easement "along the southerly line of the property" described therein, while the land to the north of that easement—the location of which is not in dispute—comprises only about 10 acres, not the approximately 33 acres that the Julianos then owned on the east side of Kingsley Road. Plaintiff contends that these deeds conveyed the entire 33-acre parcel, while defendants claim that plaintiff and her husband received only the northernmost 10 acres, leaving them with the remainder.

A trial was held, during which Supreme Court precluded the testimony of several of defendants' proposed witnesses, includ-

ing their expert, due to their failure to timely comply with plaintiff's disclosure demands. At the close of the evidence, Supreme Court dismissed each party's adverse possession claim and granted plaintiff's motion for a directed verdict on her title claim. This appeal by defendants ensued.

A new trial must be had for it cannot be said, on this record, that no rational jury could have found in favor of defendants (*see, Davies v Contel of N. Y.*, 187 AD2d 898, 899-900; *Van Syckle v Powers*, 106 AD2d 711, 713, *lv denied* 64 NY2d 609). Where, as here, a deed description is ambiguous, the court may look to extrinsic evidence to determine the parties' intent at the time of the transfer (*see, Cordua v Guggenheim*, 274 NY 51, 57; *Schweitzer v Heppner*, 212 AD2d 835, 838). And, although deed interpretation is generally a matter of law (*see, Allen v Cross*, 64 AD2d 288, 291), where the evidence as to the parties' actual intent is equivocal, a factual question is presented (*see, Pauquette v Ray*, 58 AD2d 950, 951-952).

Here, there was no direct proof of the Julianos' intent at the time of their conveyance to the Rodriguezes; there was, however, testimony that Edward Juliano indicated to Mary Kowal and William Kowal, when the Kowals purchased their property, that the land in dispute was included therein. This, coupled with the reference in the Juliano/Rodriguez deed to the fact that the property conveyed was north of the easement, could support an inference that the Julianos intended to convey to the Rodriguezes only the northern 10 acres. The contrary opinion of plaintiff's surveyor, based on his interpretation of the deed language, is not dispositive, for it merely raises questions of credibility to be resolved by the factfinder.

Nor should defendants' adverse possession claim have been dismissed. The evidence, viewed in the light most favorable to defendants, could warrant a finding that at all times after purchasing their land from the Julianos they cultivated or improved the parcel at issue, in keeping with its nature (*see, Porter v Marx*, 179 AD2d 962, 964; *Birnbaum v Brody*, 156 AD2d 408), by clearing brush, establishing and maintaining trails, cutting timber and posting the property to exclude trespassers, and that they did so in a manner hostile to plaintiff and under claim of right. While plaintiff disputed the extent and duration of these activities, this conflicting proof again does no more than present factual questions that are for the factfinder to resolve.

Mikoll, Crew III and Spain, JJ., concur; Cardona, P. J., not taking part. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial.