■ SHAWANGUNK CONSERVANCY, INC., Appellant, v MICHAEL FINK et al., Respondents. [690 NYS2d 158] —Graffeo, J. Appeal from an order of the Supreme Court (Bradley, J.), entered March 20, 1998 in Ulster County, which, *inter alia*, granted defendants' cross motion for summary judgment on their first and third counterclaims and declared them the owners of certain premises.

This action involves competing title claims to approximately 119 acres of undeveloped real property located in the Town of Rochester, Ulster County. Ethel Anderson acquired title to the parcels in 1951, and in 1958 she conveyed the property to Mary Lue Smith (hereinafter Smith) by a deed that contained a simplified description of the premises by referring to "Parcels A, B, C, D and E". In 1962 a 4.4-acre section of Parcel D was conveyed by Smith to Harry Anderson and Emma Anderson. The remainder of Smith's property was transferred to Ruby Smith in 1965, which deed utilized the more detailed description of the parcels reflected in the 1951 conveyance. However, the property description ended in mid-sentence and did not include the description of Parcels D and E. This deed, as well as subsequent deeds in the chain of title, specifically excepted the 4.4-acre portion of Parcel D which was earlier conveyed to the Andersons.

In 1971, Ruby Smith obtained a mortgage from Marellen Associates and this instrument incorporated the simplified alphabetic description from the 1958 Anderson-Smith deed. A year later, Ruby Smith sold the property, subject to the Marellen mortgage, to Smitty's Ranch, Inc. and the deed transferring her interest included the description of the property from the 1965 deed (which did not include Parcels D and E). Marellen thereafter acquired approximately 58 acres of the mortgaged premises by Sheriff's deed in 1986 and conveyed this acreage to defendants in 1987. On the same day, defendants acquired the remaining property from Smitty's by a deed

similar in description to the 1965 deed, albeit with the Marellen conveyance excepted.

The dispute between plaintiff and defendants emanates from the 1982 acquisition of a 35-acre plot known as "Forest Rockhill" by two individuals from the executor of the estate of Olive Osterhoudt. The deed described the property as: "35 acres, more or less, described as Forest, Rockhill, Bounded North and East by Walker, South and West by Coddington. Being the same premises formerly assessed against Francis Hasbrouck, former reputed owner. Being the same premises conveyed by the County of Ulster to Herman Osterhoudt, by deed dated December 18, 1946." These two individuals marked the boundaries of what they believed to be their property and posted the land with signs bearing their names. In 1995, they conveyed their interest by quitclaim deed to plaintiff, with the following property description: "All right, title and interest of the Grantors in and to lands and rights-of-way located in Town of Rochester, County of Ulster, State of New York, and more particularly in lots 2, 3 and 4 of the 19 Partners Tract Patent lying northwesterly of Clove Valley Road and southeasterly of the top of the high rocks of the Rock Hill Ridge, including, but not limited, to all right, title and interest conveyed to the Grantors by virtue of an Executor's Deed dated April 14, 1982 from Roger Osterhoudt to the Grantors and recorded in the Office of the Clerk of Ulster County on April 20, 1982 in Liber 1462 of Deeds at page 1090, and all right, title and interest conveyed by virtue of a deed dated January 9, 1911 from Lottie M. Cross and others to Larry D. Forbes, recorded in the Office of the Clerk of Ulster County on October 9, 1911 in Liber 433 of Deeds at page 463."

Prior to purchasing the property, plaintiff retained a land surveyor, Norman Van Valkenburgh, who initially stated that the property was unidentifiable, but later opined that it included what had previously been known as Parcels B, D and E of the former Smith conveyance. Plaintiff contacted Smith in 1994 to advise her that the 1965 deed pertaining to the conveyance to Ruby Smith had apparently excluded Parcels D and E. Plaintiff and Smith came to an agreement in which Smith gave plaintiff a quitclaim deed covering Parcels D and E in exchange for $5,000.

This action was commenced by plaintiff to quiet title in response to efforts by defendants to exercise dominion and control over the land. Plaintiff moved to dismiss certain counterclaims and affirmative defenses asserted in defendants' answer and, in the alternative, for summary judgment. Defendants cross-

moved to dismiss certain affirmative defenses contained in plaintiff's reply to defendants' counterclaims and also for summary judgment dismissing plaintiff's complaint. Supreme Court granted defendants' cross motion for summary judgment and adjudged defendants to be the fee simple owners of the disputed premises, finding the conveyance to plaintiff invalid due to the vagueness of the underlying deed. The court also determined that the deeds in defendants' chain of title should be reformed to reflect the grantors' apparent intention to convey Parcels D and E along with the parcels that were explicitly listed. Furthermore, plaintiff's claim of adverse possession was rejected by Supreme Court. Plaintiff now appeals.

Where a deed is ambiguous with respect to the description of the property, a party is entitled to demonstrate the grantors' true intent through extrinsic proof (*see, Andersen v Mazza*, 258 AD2d 726; *Wintemberg v Kowal*, 235 AD2d 999, 1000; *Schweitzer v Heppner*, 212 AD2d 835; *Sedor v Wolicki*, 206 AD2d 854, 855). Upon our review of the record, it is evident that the 1965 deed in the Anderson-Smith-Smitty's chain of title was ambiguous and incomplete. However, it is apparent that the grantor had intended to include Parcels D and E in the deed, as evidenced by the incomplete sentence which appears at the end of the page at the juncture in the description where Parcels D and E were previously referenced. Moreover, both parcels had been included in the deeds conveying the property prior to 1965, and the exceptions in the 1965 and subsequent deeds of the 4.4 acres from Parcel D clearly manifested an intent to convey the remainder of Parcel D to the grantees. Notably, from 1951 to the commencement of this action, the parties in this chain of title have alleged that they have paid taxes on the entire property, including Parcels D and E. Plaintiff has submitted no evidence to raise a question of fact with respect to the grantors' intent (*compare, Wintemberg v Kowal, supra*) and we, therefore, conclude that the omission of Parcels D and E from the 1965 and subsequent deeds was the result of either a scrivener's error or the recording office's loss of one or more pages of the deed. Hence, Supreme Court's reformation of the 1965 deed to include a conveyance of those plots was proper (*see, Hart v Blabey*, 287 NY 257).

Plaintiff argues that defendants' request to reform the deed was untimely since their predecessor, Smitty's, received a letter in 1974 from a representative of the Mohonk Trust, indicating that one or more pages of the deed may have been omitted and that the title should be remedied by filing a corrective deed. Although defendants' predecessor may have had knowl-

edge that the deed was possibly incorrect, an owner of property is not required to take affirmative steps to enforce his or her rights until title or possession is challenged (*see, Hart v Blabey, supra,* at 262-263; *Tursi v St. Joseph's Sanatorium,* 133 AD2d 910). Because the Mohonk Trust letter did not suggest that title or possession was being contested, defendants' failure to take action to quiet title did not impair their right to seek relief in response to plaintiff's direct challenge to defendants' ownership interest.

However, with respect to plaintiff's adverse possession claim under a written instrument (RPAPL 511, 512), we conclude that a question of fact exists. In order to succeed on an adverse possession claim, plaintiff must demonstrate "by clear and convincing evidence that for a period of 10 years it actually possessed the property in dispute and that such possession was open and notorious, exclusive, continuous, hostile and under a claim of right" (*Village of Castleton-On-Hudson v Keller,* 208 AD2d 1006, 1008; *see, Wagman v Village of Catskill,* 213 AD2d 775, 776). Although the description of the property contained in plaintiff's deed, which forms the basis of its claim of right (*see,* RPAPL 512), is not entirely clear, it is sufficient to defeat summary judgment because it is arguably valid (*see, Goff v Shultis,* 26 NY2d 240, 247-248; *Whipple v Trail Props.,* 235 AD2d 795; *McGuirk v Ferran,* 222 AD2d 943, 946, *lv dismissed* 88 NY2d 1003), especially since plaintiff's surveyor identified the property based on this deed. Moreover, plaintiff contends that its predecessor's actual possession and use of the property included paying taxes from 1982 to 1995 on the disputed premises, posting boundaries, and regularly utilizing the land for hunting, camping, hiking and logging for firewood (*see,* RPAPL 512; *see also, Tubolino v Drake,* 178 AD2d 951), thereby raising a question of fact with regard to whether the common law (*see, Village of Castleton-On-Hudson v Keller, supra,* at 1008) and statutory elements (*see,* RPAPL 511, 512) were satisfied.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as granted defendants' cross motion for summary judgment dismissing plaintiff's adverse possession claim; cross motion denied to that extent; and, as so modified, affirmed.