■ RICHARD FISCHER et al., Appellants, v HOWARD ANGER, Respondent. [725 NYS2d 437] —Crew III, J. P. Appeal from an order of the Supreme Court (Meddaugh, J.), entered March 17, 2000 in Sullivan County, upon a decision of the court in favor of defendant.

The instant dispute principally centers upon defendant's entitlement to use certain rights-of-way over land owned by plaintiffs and located in the Town of Rockland, Sullivan County. In order to fully understand the issues raised on appeal, a brief examination of the parties' respective chains of title is required.

In 1951, Frank Wegman conveyed a parcel of land to Karl Hudelmaier (hereinafter Hudelmaier I), together with an easement "to use for [the] purpose of ingress and egress to the rear of his premises a strip of land fronting on * * * highway Route 17 35 feet in width adjoining the above described premises on the west and running from the highway to the projected rear line of the above described premises" (hereinafter the 35-foot easement). Thereafter, in 1953, Wegman conveyed another portion of his land to Amie Young, together with "the right for travel on foot or by vehicle over a proposed 40 foot private road way, adjoining said premises along the southwesterly side leading to the public highway" (hereinafter the 40-foot easement).[1] In 1972, Wegman's estate conveyed another parcel of land to Hudelmaier directly to the west of Hudelmaier I (hereinafter Hudelmaier II), together with "the appurtenances and all the estate and rights of the parties of the first part in and to said premises." No express mention of either the 35-foot or 40-foot easement was made in this deed. Finally, in 1988, Hudelmaier's estate conveyed both Hudelmaier I and II to defendant in a deed making express mention of only the 35-foot easement.

As to plaintiffs' chain of title, plaintiffs acquired their property, which lies generally to the north and west of defendant's parcel, from Walter Schilling under two separate deeds in 1988 and 1989. Although the language in the two deeds varied somewhat, both expressly stated that the underlying conveyance was subject to the 35-foot and 40-foot easements. Additionally, each of the deeds in plaintiffs' chain of title, which may be traced back to Wegman, was conveyed together with the 35-foot and 40-foot easements and subject to the use of such rights-of-way in common with others.

In 1995, the parties apparently became engaged in a dispute as to defendant's use of the 35-foot easement and, more particularly, whether the runoff from pipes that appeared to emanate from defendant's property was causing the driveway located on such easement to suffer significant erosion. Plaintiffs thereafter commenced this action seeking, *inter alia*, to enjoin

---

1. The 40-foot easement ran along the northern edge of Hudelmaier I and today joins the end of the 35-foot easement to the west.

defendant from using the 35-foot easement and discharging water onto plaintiffs' driveway. Defendant answered and counterclaimed seeking, *inter alia*, to prohibit plaintiffs from interfering with the drainage pipes. The matter ultimately proceeded to a bifurcated trial and, at the conclusion of the liability phase, Supreme Court found in favor of defendant. This appeal by plaintiffs ensued.

We affirm. Turning first to the issue of certain drainage pipes and the alleged erosion of the driveway located upon the 35-foot easement, we cannot say that Supreme Court's findings in this regard are unsupported by any fair interpretation of the evidence (*see*, *Bradley v St. Clare's Hosp.*, 232 AD2d 814). Even accepting that plaintiffs indeed established that the pipes in question emanated from defendant's property, the only evidence in support of plaintiffs' claim that the pipes discharged a sufficient quantity of water to overflow the ditch that ran alongside the driveway and erode the road surface came from the engineer retained by plaintiffs, who testified that he did not observe any erosion above the point where the highest pipe discharged into the ditch. Plaintiffs' engineer conceded, however, that when he viewed the property, the water flowing from the pipes was at a "trickle" and that he observed no evidence of overflow. Additionally, the trial testimony disclosed several other possible sources of the erosion noted, including snow melt, spring runoff and traffic. Under such circumstances, we cannot say that Supreme Court erred in concluding that plaintiffs failed to establish that the water flowing from such pipes caused the noted damage to the roadway.

As to the location of and defendant's right to use the 35-foot easement, suffice it to say that Supreme Court was presented with conflicting proof on these issues and, upon due consideration thereof, found in favor of defendant. More specifically, both the title abstractor and the land surveyor who testified on plaintiffs' behalf fixed the location of the 35-foot easement, to the extent that it existed at all, on the western boundary of Hudelmaier I.[2] Hence, plaintiffs contend that once Hudelmaier II was acquired, the "easement" ran through the two parcels, not along the western boundary of Hudelmaier II as found by defendant's surveyor. Although conceding that the recitals contained in the various deeds were not changed to reflect the

---

**2.** Plaintiffs contend that when Wegman's heirs conveyed Hudelmaier II, it merged with Hudelmaier I and the easement was extinguished. We cannot agree. Where, as here, only a portion of the servient estate (i.e., Wegman's estate) is conveyed, there is no complete unity of title and the easement is, therefore, not extinguished (*see*, *Will v Gates*, 89 NY2d 778, 784-785).

existing location of the 35-foot easement, which generally runs along the western boundary of defendant's parcel, defendant's surveyor offered sufficient testimony, supported by other evidence in the record, to justify his opinion as to the location of the 35-foot easement and defendant's entitlement to use it.

Finally, with regard to defendant's entitlement to use the 40-foot easement, the record reveals, as noted previously, that there is no express mention of such easement in the conveyances to Hudelmaier or defendant. When Wegman's heirs conveyed Hudelmaier II to Hudelmaier in 1972, however, such conveyance was "TOGETHER with the appurtenances and all the estate and rights of the parties of the first part in and to said premises." An appurtenance is a right-of-way that is necessary to give usable enjoyment to the conveyed premises (see, 5 Warren's Weed, New York Real Property, Easements, § 1.03 [4th ed]). Where, as here, title is conveyed subject to appurtenances, an easement appurtenant is conveyed to the grantee, even in the absence of express language regarding such easement (see, Will v Gates, 89 NY2d 778, 783; Sedor v Wolicki, 206 AD2d 854, 855; Strnad v Brudnicki, 200 AD2d 735, 736).

Viewing the appurtenance clause contained in the Hudelmaier II deed as ambiguous, Supreme Court resorted to extrinsic evidence to ascertain the intent of the parties (see, Wintemberg v Kowal, 235 AD2d 999, 1000). Examining the 1951 deed conveying Hudelmaier I, it is clear that Wegman intended for the owner of such parcel to have access to the rear of it which, at that point, was accomplished via the 35-foot easement. What is less clear is whether, when Wegman conveyed the Young parcel in 1953 and created the 40-foot easement, which now meets up with the 35-foot easement at the northwest corner of defendant's parcel, and thereafter conveyed Hudelmaier II in 1972 "with the appurtenances," he intended for Hudelmaier and his successors in title to have the benefit of the 40-foot easement as well. Supreme Court resolved this issue by focusing on the language contained in the deeds in plaintiffs' chain of title, each of which conveyed what is now plaintiffs' parcel "[s]ubject to the 35 ft. wide right of way and 40 ft. wide right of way granted to Hudelmaier and Young," together with "the use of the above mentioned Rights of Way in common with others." Although plaintiffs would have us insert the word "respectively" following the clause "[s]ubject to the 35 ft. right of way and 40 ft. right of way granted to Hudelmaier and Young," the construction adopted by Supreme Court is equally plausible and, as such, will not be disturbed. We have examined plaintiffs' remaining arguments and find them to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

