■ MARIA MONDELLI, Respondent, v ROBERT HOMIK et al.,
Appellants. [732 NYS2d 144] —Mercure, J. Appeal from a judg-
ment of the Supreme Court (Monserrate, J.), entered July 26,
2000 in Delaware County, upon a decision of the court in favor
of plaintiff.

Plaintiff and defendants Robert Homik and Linda Homik
(hereinafter collectively referred to as defendants) own adjoin-
ing parcels of real property in Delaware County. Defendants'
deed contained the following grant: "The easterly line of
[defendants' property] runs through a swamp. It is the inten-
tion of this instrument to also grant and convey to [defendants]
a right to go upon that portion of the swamp on [plaintiff's
property] to dig channels and convey water from the swamp on
[plaintiff's property] to that portion of the swamp on [defen-
dants' property] so that [defendants] may construct a pond or
lake." Defendants enlarged an existing pond on their property,
which was fed by the swamp and springs on plaintiff's property.

After plaintiff purchased her property in 1987, she and her
husband, Leo Sesto, constructed a pond near their home. In or-
der to provide a supply of water for that pond, in 1991 plaintiff
and Sesto constructed an earthen basin to collect the water
from two large springs on plaintiff's property and a pipeline to
convey the water to their pond. Although the basin was situ-
ated some distance (the trial testimony varied from 450 feet to
800 feet) from defendants' easterly line, it is undisputed that
plaintiff's collection and diversion of water from the springs
had the effect of diminishing the water supply to defendants'
pond. In July 1994, defendants hired defendant Frederick Ut-
ter to take a bulldozer onto plaintiff's property and breach the
wall of plaintiff's basin, thereby permitting the water to again
flow to the swamp referred to in defendants' deed and,
ultimately, to defendants' pond. According to Sesto, he hired
an excavator to remedy the damage caused by Utter at a cost
of $1,200 to $1,400. Sesto also testified that in August 1994,
somebody blocked the outlet pipe of plaintiff's pond, causing
damage to plaintiff's property that cost nearly $10,000 to
remedy.

Plaintiff then brought this action to enjoin defendants and
Utter from entering on her land and to recover money damages
for defendants' trespass. Following a nonjury trial, Supreme
Court determined that, although defendants had a license to
use plaintiff's property, which was exercisable upon seven days'
advance notice, it did not justify their action in breaching the

wall of plaintiff's basin and in blocking the outlet pipes of plaintiff's pond. Supreme Court awarded plaintiff damages of $10,000 for defendants' trespass and dismissed defendants' counterclaim for damages allegedly resulting from the reduced water level in their pond pursuant to ECL 15-0701. Defendants appeal.

Initially, based upon the language of the grant, the fact that the rights granted were freely transferred under successive deeds, the absence of any qualifying language, and the fact that the deed to plaintiff was made specifically subject to the grant, we conclude that the grant in defendants' deed was of an easement appurtenant, and not a mere license (*see, Henry v Malen*, 263 AD2d 698, 702-703). We do not believe, however, that the limited injunctive relief granted by Supreme Court, which merely requires defendants to give advance notice of their intention to enter upon plaintiff's land and the reason therefor, is unreasonable. Nor are we persuaded that Supreme Court erred in dismissing defendants' counterclaim. Not only did the trial evidence permit varying conclusions concerning the diminution in the water supply to defendants' pond, but defendants failed to establish money damages caused by any such diminution.

As a final matter, we agree with defendants' contention that Supreme Court abused its discretion in awarding plaintiff damages of $10,000. First, plaintiff provided no evidence to support her contention that it was defendants who blocked the outlet pipe to her pond. Further, the copy of an invoice from plaintiff's excavator, which constituted plaintiff's sole proof of the quantum of her damages, was not of itself competent evidence of plaintiff's damages (*see*, CPLR 4533-a). Notably, plaintiff's proffer omitted the statutory requirements that the itemized bill or invoice be receipted or marked paid, that it bear a certification by the provider of services or repairs that no part of the payment received therefor will be refunded to the debtor and the amounts itemized therein are the usual and customary rates charged for such services by the provider, and that a true copy of the itemized bill or invoice together with a notice of intention to introduce it into evidence be served upon each party at least 10 days before the trial.

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded monetary damages to plaintiff, and, as so modified, affirmed.