■ Douglas G. Cronk et al., Respondents, v Richard A. Tait et al., Appellants. [762 NYS2d 119] —Crew III, J.P. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered June 26, 2002 in Delaware County, which, inter alia, granted plaintiffs' motion for summary judgment.

A more detailed recitation of the underlying facts may be found in our previous decision (279 AD2d 857 [2001]). Briefly stated, the northern portion of plaintiffs' property and that of plaintiffs' adjoining neighbor to the west was, when conveyed by Etta Fredenburg to William Mann in 1906, landlocked by a southern parcel and, thus, inaccessible to State Route 30 in the Town of Roxbury, Delaware County. As a consequence, the conveyance from Fredenburg to Mann included a "right-of-way" to State Route 30 over Fredenburg's retained property to the west. In 1908, Mann became the owner of plaintiffs' property, as well as their neighbors' property to the west.

A subsequent owner of these parcels created easterly and westerly parcels, each with frontage on State Route 30, and, eventually, plaintiffs acquired the easterly parcel and their neighbors, the Mattices, acquired the westerly parcel. The property encumbered by the right-of-way, to the west of and

adjoining the Mattices' property, ultimately was acquired by defendants. Claiming that the topography rendered the northern portion of their property inaccessible to State Route 30, plaintiffs commenced this RPAPL article 15 proceeding seeking a declaration that they are entitled to the use of the "right-of-way" over defendants' property.

In our previous decision, we held that the subdivision of the dominant estate did not destroy the easement and, further, that the subsequent owner of any portion of the dominant estate continued to have the right to use the easement provided there was no additional burden to the servient estate (*id.* at 858-859). We then remitted the matter to Supreme Court to determine whether an express easement was created and, if so, whether it was effectively extinguished (*id.* at 859). Concluding that an easement appurtenant existed and had not been extinguished, Supreme Court granted plaintiffs' subsequent motion for summary judgment, and this appeal by defendants ensued.

Defendants contend that the right-of-way in question was a license only, personal to Mann, and not an easement appurtenant. Alternatively, defendants contend that even if the right-of-way constitutes an easement appurtenant, because it does not appear in their chain of title, such easement was extinguished upon their taking title without actual notice thereof. We cannot agree with either contention.

With regard to whether the right-of-way is an easement appurtenant or a license, such "is to be determined 'by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties' " (*Niceforo v Haeussler*, 276 AD2d 949, 950 [2000], quoting *Hopper v Friery*, 260 AD2d 964, 966 [1999]). The 1906 Fredenburg to Mann conveyance provided, in pertinent part:

"The above described parcels being shown on the map which is hereto attached. Together with a right of way to said parcel 2, over and across the lands of [Fredenburg], along such a course as it most convenient to [Mann] to reach the same.

"Together with the appurtenances and all the estate and rights of [Fredenburg] in and to said premises, To Have and To Hold the above granted premises unto [Mann], his heirs and assigns forever."

While defendants make much of the fact that the "heirs and assigns forever" language is contained in a different clause

than that containing the description of the right-of-way,* it is of significant note that the deed did not reserve the right-of-way to Mann personally (*compare Simmons v Abbondandolo*, 184 AD2d 878, 878-879 [1992]), nor did it contain language creating a reversionary interest or right of revocation in Fredenburg or her heirs (*see Pomygalski v Eagle Lake Farms*, 192 AD2d 810, 811 [1993], *lv denied* 82 NY2d 656 [1993]). Moreover, the circumstances extant at the time of the conveyance would militate toward the conclusion that an easement appurtenant was intended. At such time, the parcel conveyed was landlocked and, without access to State Route 30, would have been virtually useless to any potential purchaser in the event Mann or his heirs determined to dispose of it.

Finally, to the extent defendants rely upon the fact that the deed from Fredenburg to Mann is outside their chain of title and, as such, they took title without notice of the easement, we need note only that defendants commissioned and received a survey map prior to the purchase of their property, and that survey map makes reference to the right-of-way and specifically references Liber 148 at page 148, which is the location of the recorded deed from Fredenburg creating the easement at issue. Under such circumstances, defendants were on notice of the existence of the easement regardless of whether they examined the public record referenced in the survey map (*see Zunno v Kiernan*, 170 AD2d 795, 796 [1991]). We have considered defendants' remaining arguments and find them equally unavailing.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* It merits observation that words of inheritance are not necessary to create an easement (*see Wilcox v Reals*, 178 AD2d 885, 886 [1991]).