■ NENA M. CARVER, Appellant, v JOHN HENRY RIPPETOE et al., Defendants and Third-Party Plaintiffs-Respondents. UNITED GENERAL TITLE INSURANCE COMPANY, Third-Party Defendant-Respondent. [841 NYS2d 394]—

---

Crew III, J.P. Appeal from an order of the Supreme Court (Coccoma, J.), entered April 7, 2006 in Delaware County, upon a decision of the court in favor of defendants.

We are dealing here with a dispute between adjacent landowners concerning a purported easement over property located in the Town of Middletown, Delaware County. The parcels in question emanated out of real property owned by Alexander Morrison, who died intestate in 1916, and which property then passed to his sons, William Morrison and James Morrison. The sons then divided the property between themselves. James received a seven-acre parcel adjacent to County Route 37 (hereinafter the Route 37 parcel),* as well as a landlocked 31-acre parcel southwest of but not contiguous to the Route 37 parcel. The balance of the property was deeded to William, which included the parcel that separated James' two parcels. William and his wife's deed included the following language: "Also, [we] do hereby remise, release and quit-claim to [James] the right to use the private roadway leading from the premises hereinabove described to the wood-lot [i.e., the 31-acre parcel] last described herein, excepting and reserving however the right to use the same in common with [James] and also, such portion of the roadway as may cross the parcel first mentioned and described herein."

Upon James' death, William, as executor of his estate, sold the Route 37 parcel to a third party retaining an easement to Route 37 in his favor. Thereafter, in 1996, plaintiff acquired James' 31-acre parcel, the deed to which included the following language: "Together with the right to use the private roadway leading to and from the premises hereinbefore described [the Route 37 parcel] and all other rights and privileges, if any, acquired by the party of the first part." Defendants presently are the owners of James' Route 37 parcel, as well as William's parcel that separates the Route 37 parcel and plaintiff's 31-acre parcel.

In June 2002, plaintiff commenced this declaratory judgment action seeking a declaration that she possesses an easement across defendants' property in order to access Route 37.

---

* A recent survey shows that the once seven-acre Route 37 parcel has been reduced to 4.33 acres.

Defendants, in turn, commenced a third-party action against their title insurance company claiming entitlement to a defense and indemnification. A trial was had as to the first-party action to determine whether an easement existed. Supreme Court found that the Morrison brothers had created a license and not an easement and, thus, dismissed plaintiff's complaint, prompting this appeal.

It is axiomatic that an easement must be in writing and must reflect the grantor's intent to create such, rather than a revocable license (*see e.g. Henry v Malen*, 263 AD2d 698, 702 [1999]). Factors to be considered in determining whether an easement has been created include whether language of conveyance has been employed, the lack of any qualifying language, the fact that the grant is not temporary in nature, the rights in question are transferred under successive deeds and, without an easement, the parcel in question would be landlocked (*see e.g. Cronk v Tait*, 305 AD2d 947, 948-949 [2003]; *Mondelli v Homik*, 288 AD2d 512, 513 [2001]).

Here, in the deed creating the grant, William and his wife employed language of conveyance when they "remise[d], release[d] and quit-claim[ed]" the right to use the roadway leading from the 31-acre parcel to the Route 37 parcel. Notably, the deed contains no language of reservation, there is neither qualifying language nor a definite time period limiting the grant and the right to use the roadway is contained in every deed in plaintiff's chain of title over the ensuing 80 years. Most importantly, without use of the roadway, the 31-acre parcel would have been landlocked and, without access to James' Route 37 parcel, would have been useless to a potential purchaser (*see Cronk v Tait, supra* at 949). Finally, if any further evidence of the intent to create an easement appurtenant is needed, one need only look to the 1930 deed executed by William as executor of James' will when selling the Route 37 parcel to a third party. That conveyance was made subject to the use of the private road that William had excepted for himself in 1916 and stated: "The roadway, being a private roadway on the easterly side of the premises hereby conveyed to be used in common as it is now used by the parties of the first part and William D. Morrison, their heirs and assigns, and together with the same rights and privileges." By the use of the terms "heirs and assigns" in the 1930 deed, William demonstrated his belief that he was possessed of an easement appurtenant over the Route 37 parcel and, concomitantly, that the right-of-way from James' 31-acre parcel over William's parcel was likewise an easement appurtenant.

Unfortunately, our holding that William's 1916 deed created an easement appurtenant over his property to the Route 37 parcel is of little avail to plaintiff inasmuch as we find no evidence that the easement continues over the Route 37 parcel to the roadway. In the 1916 deed, James was granted an easement in the private roadway from his Route 37 parcel to the landlocked 31-acre parcel. Because James owned the Route 37 parcel, there was no need to establish an easement over that land in favor of the 31-acre parcel and none was created. So, while plaintiff enjoys an easement over defendants' land that was formerly William's property, that easement does not extend to Route 37 over defendants' land that was formerly the Route 37 parcel owned by James.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and it is declared that plaintiff possesses an easement from her parcel to defendants' 4.33-acre Route 37 parcel adjoining County Route 37, but not across said parcel to County Route 37.