■ AIDA L. RIVERA, Appellant, v JOSEPH BRUZZESE et al., Respondents. [941 NYS2d 330]—

Spain, J.P. Appeal for an order of the Supreme Court (Coccoma, J.), entered June 16, 2011 in Otsego County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.

At issue is the existence of a right-of-way, in favor of plaintiff, to use a shared driveway on defendants' adjacent property for ingress and egress to State Route 7 in the Town of Otego, Otsego County. Del-View, Inc. is a common grantor to the parties having, in 1987, purchased and then subdivided nearly 240 acres in Otego. In January 1992, Del-View conveyed 27.65 acres, identified as lot 2 on its 1987 survey map, to defendants' predecessors in interest, Philip Ross, Maria Ross and George A. Pidick (hereinafter the Ross deed[1]) and then, a year later, conveyed an adjacent, 5.53-acre lot—a portion of lot 3—to plaintiff and Dylan P. Ford.[2] The property description in the Ross deed references Del-View's 1987 survey map which shows a road or trail, indicated by parallel dotted lines, extending from Route 7 along lot 2's common boundary line with lot 3 and then into the center of defendants' property. The Ross deed expressly excepts and reserves "the rights of others in and to" Route 7.

Plaintiff's deed contains explicit language describing a right to use a "driveway in common with others, for ingress and egress to reach NYS Route 7." The common drive is also referenced as a boundary marker in the deed's description of the lot and is clearly depicted and labeled on a survey of plaintiff's lot, expressly made a part of the deed. The purported right-of-way runs along the property line between defendants' property and plaintiff's property. Prior to defendants' purchase of the alleged servient estate in 2005, plaintiff used the common driveway to access her property from Route 7. Thereafter, defendants—believing that the driveway was not subject to use by plaintiff or anyone else—made efforts to block and otherwise prohibit plaintiff's use of this driveway. Plaintiff brought suit in September 2010 seeking, among other things, to force defendants to allow her to use the driveway pursuant to her deed. Both parties moved for summary judgment. Supreme Court granted defendants' cross motion and plaintiff appeals.

Defendants do not dispute that plaintiff's deed contains clear language purporting to grant a right-of-way over the common

---

1. The property was then conveyed by Pidick to Philip and Maria Ross, who, in October 2001, conveyed the property to William J. Porter and Ivy Kuspit. In July 2005, Porter and Kuspit conveyed the property to defendants.

2. Thereafter, Ford's interest was conveyed solely to plaintiff by warranty deed recorded in February 2000.

driveway. They instead argue—and Supreme Court held—that the Ross deed did not reserve the right to use the common driveway and, thus, Del-View was powerless to thereafter convey that right to plaintiff (see Real Property Law § 245; *Simone v Heidelberg*, 9 NY3d 177, 182 [2007]). As we agree that Del-View could not grant a right that it had not retained, the issue distills to the meaning of the language in the Ross deed reserving "the rights of others in and to" Route 7. Supreme Court rejected, as a matter of law, plaintiff's argument that this language addressed a retained right to use the common driveway to reach Route 7, stating that the "clause simply permits motorists traveling Route 7 to drive over that portion of the owners['] land that comprises any part of the highway and/or the State's easement created thereby." Given that the language excepts a right for others "in *and to*" Route 7 (emphasis added), we cannot agree that the clause is clearly limited to protecting the right of motorists traveling along Route 7. Instead, we find the language ambiguous, rendering it appropriate to consider extrinsic evidence to determine the grantor's original intent (see Real Property Law § 240 [3]; *Eliopoulous v Lake George Land Conservancy, Inc.*, 50 AD3d 1231, 1231 [2008]; *Shawangunk Conservancy v Fink*, 261 AD2d 692, 694 [1999]).

"Generally, the most important indicator of a grantor's intent is the appearance of a subdivision map and the language of the original deeds" (*Iovine v Caldwell*, 256 AD2d 974, 977 [1998] [citations omitted]). Here, the survey map referenced in the Ross deed clearly shows, but does not label, a dotted line where the alleged common driveway lies. Supreme Court reviewed other deeds from Del-View to third parties that include more detailed descriptions of other, unrelated easements and rights-of-way to support the conclusion that the omission of more precise language in the Ross deed evinces an intent not to reserve a right-of-way. We find this evidence insufficient to create a prima facie case that the language in the Ross deed did not reserve a right-of-way over the common driveway. Absent from the record is any affidavit from the common grantor or defendants' predecessors in interest. Further, the language in defendants' deed, whereby Del-View clearly and explicitly attempted to grant the right-of-way to plaintiff, raises a question of fact regarding whether Del-View intended to retain this right when it executed the Ross deed the previous year. Further, we cannot verify—from the maps included in the record—plaintiff's claim that, without the right-of-way, her parcel would be landlocked, a factor that could be relevant in determining whether the right-of-way was initially created (see *Carver v Rippetoe*, 43 AD3d 627, 629 [2007]; *Cronk v Tait*, 305 AD2d 947,

948-949 [2003]). Accordingly, there being material factual issues in dispute, defendants were not entitled to summary judgment (*see Eliopoulous v Lake George Land Conservancy, Inc.*, 50 AD3d at 1233; *O'Connor v Demarest*, 280 AD2d 878, 882-883 [2001]).

Malone Jr., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' cross motion for summary judgment; cross motion denied; and, as so modified, affirmed.