Rose, J.
Defendants purchased Lot 4 in a 23-lot subdivision in the Town of Putnam, Washington County subject to various “covenants, conditions, restrictions and reservations” imposed by the subdivision developer and contained in Schedule A of defendants’ 1986 deed. One such “reservation” is set forth at paragraph 11 of Schedule A. It reserves to the grantor “the right to install, erect, construct, maintain, repair and replace: wires on poles, guys and supports attached thereto, conduits for electricity, telephone lines, T-V aerial service wires, water pipes and lines, sewer pipes and lines, and gas pipes or lines, in, on, or over the Lot.” Schedule A also includes a sunset provision at paragraph 18, noting that Schedule A’s “restrictions” were to expire on January 1, 2005. In 2006, plaintiffs purchased subdivision Lot 13, and their deed included a general appurtenance clause. Schedule A, with its easements and restrictions, is included in both plaintiffs’ and defendants’ chains of title, reflecting the developer’s plan to benefit the subdivision.
When a dispute arose between the parties concerning telephone wires that ran across defendants’ lot to provide service to plaintiffs’ home, plaintiffs commenced this action to prevent defendants from interfering with their right to maintain the lines. Defendants counterclaimed to, among other things, quiet title to their property pursuant to RPAPL article 15, and they moved for summary judgment on their counterclaim, as well as seeking dismissal of the complaint and costs/sanctions pursuant to 22 NYCRR 130-1.1. Finding that defendants’ property was not subjected to an easement and that, if it had been, the easement was extinguished by paragraph 18, Supreme Court partially granted defendants’ motion by dismissing the complaint and granting summary judgment on the first counterclaim. Plaintiffs appeal.
We must agree with plaintiffs that the sunset provision in paragraph 18 applies to restrictions but not to easements, and that paragraph 11 properly placed defendants on notice of the existence of an easement for, among other things, telephone lines across their property. The plain language of paragraph 11 expressly reserves an easement created in writing by the com *901 mon owner of the subdivision for the benefit of the dominant estate and similarly granted to plaintiffs’ predecessor in title, allowing plaintiffs to maintain telephone wires over the servient estate (see Will v Gates, 89 NY2d 778, 783-784 [1997]; Djoganopoulos v Polkes, 95 AD3d 933, 935 [2012]; Cronk v Tait, 305 AD2d 947, 948-949 [2003]; Niceforo v Haeussler, 276 AD2d 949, 950-951 [2000]; Strnad v Brudnicki, 200 AD2d 735, 736 [1994]). Defendants, as the owners of the servient estate, were on notice of the easement by virtue of Schedule A contained in their deed (see Air Stream Corp. v 3300 Lawson Corp., 99 AD3d 822, 827-828 [2012], lv denied 21 NY3d 852 [2013]), and the easement was conveyed in turn to plaintiffs by virtue of the general appurtenance clause contained in their deed (see Real Property Law § 255; Heim v Conroy, 211 AD2d 868, 871 [1995]; Sedor v Wolicki, 206 AD2d 854, 855 [1994]).
Despite defendants’ claim that any reservation of rights granted by paragraph 11 was extinguished pursuant to the sunset provision in paragraph 18, we note that paragraph 18 is limited by its own terms to restrictions. Restrictions “restrain servient landowners from making otherwise lawful uses of their property” (Witter v Taggart, 78 NY2d 234, 237 [1991]; see Nature Conservancy v Congel, 253 AD2d 248, 252 [1999]; Breakers Motel v Sunbeach Montauk Two, 224 AD2d 473, 474 [1996], lv dismissed 88 NY2d 1016 [1996], lv denied 90 NY2d 810 [1997]), and Schedule A contains various paragraphs restricting, for example, the construction of certain kinds of buildings and the raising of animals on defendants’ property. These are sometimes referred to as negative easements, as opposed to a reservation to the grantor of an affirmative easement to maintain utility lines on defendants’ property (see Columbia Coll, in City of N.Y. v Lynch, 70 NY 440, 447-448 [1877]; 5-40 Warren’s Weed, New York Real Property § 40.03 [3] [2013]). We view the common grantor’s failure to refer to reservations in the sunset provision as a deliberate choice to avoid the termination of easements on January 1, 2005. To read paragraph 18’s language otherwise would eliminate the ability to maintain necessary utility lines across subdivision lots after 2004, a seemingly illogical result that we are unwilling to ascribe to the developer of the subdivision (see e.g. Cronk v Tait, 305 AD2d at 949; Messer v Leveson, 23 AD2d 834, 835 [1965]). Accordingly, we conclude that defendants’ motion for summary judgment on their counterclaim to quiet title should have been denied.
Although plaintiffs did not cross-move for summary judgment, we will nonetheless search the record and grant such judgment where, as here, the nonmoving party is entitled to *902 relief as a matter of law (see CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111 [1984]; Luby v Rotterdam Sq., L.P., 47 AD3d 1053, 1055 [2008]; Goldstein v Jones, 32 AD3d 577, 579-580 [2006], lv denied 8 NY3d 939 [2007]). Since there are no issues of fact concerning the existence of the utility easement, plaintiffs are entitled to summary judgment on their first cause of action. As Supreme Court’s dismissal of plaintiffs’ remaining causes of action was based on its conclusion that there was no easement, they are reinstated and the matter is remitted for further proceedings.
Peters, PJ., McCarthy and Garry, JJ., concur. Ordered that the order and amended order are modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendants’ motion for summary judgment (1) dismissing the complaint and (2) awarding defendants judgment on their first counterclaim; motion denied to that extent, summary judgment awarded to plaintiffs on their first cause of action and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.