Lampert v County of Suffolk (2021 NY Slip Op 05852)





Lampert v County of Suffolk


2021 NY Slip Op 05852


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2018-03575
 (Index No. 25265/13)

[*1]Paul Lampert, et al., appellants, 
v
County of Suffolk, respondent.


Fidelity National Law Group, New York, NY (Terence D. Watson of counsel), for appellants.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for respondent.



DECISION & ORDER
In a consolidated action, inter alia, to quiet title to real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated November 29, 2017. The order denied the plaintiffs' motion, in effect, for summary judgment declaring that they are the owners of the subject property.
ORDERED that the order is affirmed, with costs.
In 2004, the plaintiffs, Paul Lampert and Allison L. Lampert, became the fee owners of real property located in Ronkonkoma. In or around 2009, the defendant, County of Suffolk, engaged in a project which included widening the county road known as Portion Road which abutted the plaintiffs' property.
In 2013, the plaintiffs commenced two actions against the County related to the property which were later consolidated. In those actions, they claimed that the County had taken a portion of their property (hereinafter the disputed area) without compensating them. The plaintiffs sought, inter alia, to quiet title to the disputed area. The plaintiffs moved, in effect, for summary judgment declaring that they are the owners of the disputed area. The Supreme Court denied the motion, and the plaintiffs appeal. We affirm.
Contrary to the plaintiffs' contention, they failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law. The evidence they submitted failed to eliminate a triable issue of fact as to whether they owned the disputed area. Since the plaintiffs failed to meet their initial burden as the movants, it is unnecessary to consider the sufficiency of the County's opposition papers (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853). Accordingly, the Supreme Court properly denied the plaintiffs' motion (see Whipple v Trail Props. , 235 AD2d 795, 796-797).
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court